## JACOBUS' EXECUTOR *vs.* JACOBUS.

1. Where, by a will, the executor is to provide "a good and sufficient support" out of the testator's estate for his son, his son's wife and children, and for the education of the latter, under the direction of their father, and the relations of the family change by the separation of the son and his living apart from his family, it is the duty of the Court of Chancery to de- cide for whom the executor is bound to provide, whom he is authorized to aid, and the circumstances under which he may render such aid, and to in- timate limits for the exercise of his discretion.

2. A testator, by his will, gave the residue of his estate, in fee simple, to his two grandchildren, and such other children as his son Henry might afterwards have, to be divided among them when the youngest should

Jacobus' Executor *v.* Jacobus.

arrive at the age of twenty-one years, subject to the provisions that his son Henry should be furnished, out of the rents and income, with a good and sufficient support during his life, to be paid him by the executor ; also, that a good and sufficient support should be furnished to the wife of his son Henry, during her life. He also charged his estate with the comfortable support and education of his grandchildren, under the direction of his son Henry, and directed that if either of them should desire, or his son Henry should think proper, ample means should be furnished to educate one or more for the learned professions. Henry left his wife and family, and resided apart and distant from them, and ceased to pay any attention to them. The executor then filed a bill for directions as to his duty, and to settle the rights of the respective devisees under the will. *Held*—

1. That the direction to furnish the son with a liberal support must have a far different interpretation from that which would be given to it if he were performing his duty of taking care of his family and educating his children.

2. That the support and education of the grandchildren should be out of the income. The amount to be furnished must rest, largely, in the judgment and discretion of the executor, upon consultation with the mother ; but he is not bound to contribute the whole income, if less will answer.

3. That the discretion confided by the will to the son must be exercised by the executor.

3. The court suggested, subject to the judgment of the executor, and to the discretion confided in him, (but not to be entered in the decree,) that it would be a proper exercise of his judgment to allow the wife to occupy the farm, (she to keep it in repair and provide a home where the minor children might be supported, and to which those of age might resort,) and to receive one third of the net income of the estate ; to allow the husband one third of the net income ; to allow one sixth for the minor children, to be expended under the direction of the mother ; and one sixth for the liberal education of any that might desire it ; these two sixths to be expended under the direction of the father if he would, in good faith, undertake it.

4. A " good and sufficient support," to be furnished to the wife of testator's son, must be construed to mean such as is proper for a mother and head of a family, having the fortune and station held by her husband and his children.

5. Where an executor files a bill for directions as to his duties under a will, and no factious or unnecessary opposition or costs are occasioned by any defendant, costs and proper counsel fees for both parties will be allowed out of the estate.

---

The argument was had upon bill, answer, and proofs.

*Mr. W. S. Whitehead,* for complainant.

*Mr. McCarter,* for defendant, H. V. B. Jacobus.

THE CHANCELLOR.

The bill is filed by the executor of a will, for directions in discharge of his duty as executor under the directions in the will. The testator, Anthony A. Jacobus, died in February, 1849. He left a will, executed nearly a year before his death, which was admitted to probate, and of which the complainant is the executor. By it he gave all the residue of his estate, after certain specific dispositions, to his grandchildren, Anthony Jacobus and Peter Jacobus, and such other children as his son, Henry V. B. Jacobus, might afterwards have, in fee simple, to be divided among them, when the youngest should arrive at the age of twenty-one. This was made subject to the provision that his son Henry V. B. Jacobus should be furnished, out of the rents and income, with a good and sufficient support during his life. This was directed to be paid to him by the executors of the will, and to be liberally furnished in such time and manner as his son might suggest, at any and at all times.

He also directed a good and sufficient support to be furnished to the wife of his son, during her life. He also charged the estate with the comfortable support and education of his grandchildren, under the direction of his son Henry; and directed that if either of his grandchildren should desire, or if his son Henry should think proper to educate one or more of his children for one of the learned professions, that ample means should be furnished for that purpose.

Henry V. B. Jacobus has left his wife and family, who continued to reside on the homestead of the testator in Essex county, and has been, and still is, living apart from them, in Trenton. The separation and estrangement, whatever may be its cause, seems permanent. Peter B. Jacobus, one of the sons of Henry, who is of age, remained with his

mother and took the management of the farm. Mary Ann Jacobus, the wife of Henry, remained at the homestead, kept it up as a home for herself and children, and took charge of and supported those who are under age; their father has paid no attention to their support or education, and does not bestow any care or assume any responsibility concerning them, or give any directions to the complainant about these matters. The education of these minors is, in the mean time, being neglected.

The complainant applies to this court to settle the respective rights of the son, his wife, and his minor children, and his own duty as to each.

The testator, by his will, has absolutely given the residue of all his property to these grandchildren. For the purpose before us it must be considered as vested in them, although in certain contingencies the estate may open or be divested. This estate is not to be divided or come to the possession of these grandchildren, until the youngest shall be twenty-one years of age, and until then and afterwards, it is burthened with the support of their father and mother, during their lives respectively, and with the maintenance and education of such of these grandchildren as may be minors. The support to Henry is expressly directed to be furnished by the executor; that to the grandchildren and the wife of Henry is also to be furnished by him, by plain implication.

The support directed to be furnished to the grandchildren, as well as their education, is directed to be furnished *under the direction* of Henry, but the direction *to furnish* is positive, as well as the direction to provide a liberal education for any minor grandchild who should desire it. I am of opinion also that all are to be furnished out of the income of the estate. The amount to be furnished to each is, to a large extent, in the judgment and discretion of the executor; nor do I think that he is bound to contribute the whole income, if less than the whole will answer the purpose for which it is to be distributed.

The condition of the family is changed from what it was

at the making of this will, and from what the testator could have contemplated. The three objects of his bounty, his son, his son's wife, and his grandchildren, were one family, under the control and management of their natural head, who was by law, and by natural duty, bound to provide for and support the whole. But he has deserted his family, and neglects to perform these duties, so far as appears, without any cause or excuse.

Under these changed circumstances, the direction to furnish the son with a liberal support, must have a far different interpretation in apportioning to each of the objects of the testator's bounty the proper relative share, from that which would be given to it if the son was performing his duty of taking care of his family and educating his children. The discretion confided to him must be left with and exercised by the executor; but it is the duty of the court to decide for whom the executor is bound to provide, and whom he is authorized to aid, and the circumstances under which he may render such aid; and to intimate certain limits within which the exercise of his discretion should be exercised.

First, with regard to testator's son. Although he has deserted his family, and may have done it wrongfully, he is still entitled to a *good and sufficient* support; but under existing circumstances, that means a very different proportion of the income from that to be furnished if he were supporting his wife and family.

Next, the infant grandchildren are entitled to a comfortable support and proper education out of the income, and any one of them who desires it is entitled to a liberal education. This is the absolute right of these grandchildren; if their father is willing to direct it, it must be done under his direction; but if he refuses to perform the duty of directing, these infants are not, therefore, to lose their support and education, but the executor must provide for it upon consultation with their mother, so long as she retains her position as head of the family, and provides a home for, and takes care of her children.

E *

Mary Ann Jacobus, the wife of the son, is also clearly entitled to a good and sufficient support; and these words, good and sufficient, must be construed to mean such as is proper for a mother and head of a family, with the fortune and rank of her husband and his children. As to the proportion, the court can give no directions, except subject to the judgment of the executor and the discretion confided to him by the will.

If Mrs. Jacobus chooses to reside on the farm, and provide a home for her children, at which the minor children may be supported, and the children of full age may resort as the home of the family, it seems to me that it would be a proper exercise of the discretion of the executor to allow her the occupation of the farm, she keeping it in repair, and one third of the net income of the estate. I think that one third of the net income would be sufficient to allow to Henry V. B. Jacobus, so long as he remains from his family, and does not contribute to their support. One sixth of the income might be appropriated for the support of the minor children, and expended for them under the direction of their mother; and one sixth for the liberal education of any that desire it; these two sixth parts should be expended under the direction of their father, if he will, in good faith, undertake the control and direction of these expenditures committed to him by the will. With that control the court has no right to interfere, unless, perhaps, in case he should be living in such way as to render it improper for him to direct these matters. But, after all, the amount to be expended for each of these purposes must be mainly left to the discretion of the executor; and the intimation contained in this opinion as to the relative appropriation for each object cannot be inserted in the decree.

It is a proper case for an executor to ask the direction of the court. The difficulty grew from the want of definite directions in the will, and no factious or unnecessary opposition has been made, or costs occasioned by any defendant. I shall, therefore, direct the costs and proper counsel fees for both parties to be paid out of the estate.