WILLIAM B. KEMPTON, complainant and appellant,

*v.*

DAVID H. BARTINE et al., defendants and respondents.

[Filed April 4th, 1900.]

To a bill in chancery seeking to enjoin an executor in his administration of an estate and praying for a decree that will take from him the title to all of the personal property of which the testatrix was possessed at the time of her death, the executor, *eo nomine*, is a necessary party.

On appeal from an order advised by Vice-Chancellor Grey, whose opinion is reported in *14 Dick. Ch. Rep. 149.*

*Mr. Martin V. Bergen, Jr.,* and *Mr. Martin V. Bergen,* for the appellant.

*Mr. Howard Carrow* and *Mr. David J. Pancoast,* for the respondents.

The opinion of the court was delivered by

GARRISON, J.

The bill in this cause sought to have the chancellor declare that, by reason of a certain agreement made with the complainant by Annie Kempton in her lifetime, no title to any of the personal property of which she was possessed at the time of her death vested in her executor, David H. Bartine, who by her will was required to pay debts and legacies and administer her estate. To such a bill the executor, *eo nomine,* was a necessary party. The order of the court of chancery to that effect is affirmed, for the reasons given by Vice-Chancellor Grey, in so far as they are pertinent to the state of facts above indicated.

There is another reason why the court of chancery should have refused to make a final decree in the cause in the absence of the executor of Annie Kempton. The bill alleged that suits had been brought by the said executor as such in the supreme court of this state against the complainant, William B. Kempton, on his three promissory notes aggregating $4,000, the property of Annie Kempton in her lifetime. In this bill, as originally filed, the executor was a party, and against him in that capacity, while he was still a party, an order in the nature of an injunction was obtained staying him from the further prosecution of said suits against the complainant. Afterward, upon the motion of the complainant, the executor was stricken from the bill as a party defendant. It is clear that a final decree cannot be rendered that will either secure to the complainant the relief sought in the bill or that will relieve the executor from the anomalous position of being enjoined under a bill to which he is not a party. In the face of his wish to be a party the cause cannot proceed without him.

In his opinion the learned vice-chancellor discussed and decided an interesting question of evidence that arose upon the hearing before him, but which was not brought to this court by the appeal from his order respecting parties, and hence has not been here considered.

The order of the court of chancery is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, VAN SYCKEL, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES—12.

*For reversal*—None.