FRANCIS E. LARKIN et al., respondents,

*v.*

JAMES H. WIKOFF et al., appellants.

[Argued July 8th, 1911.   Decided October 13th, 1911.]

On dismissal of a bill to enjoin trustees from selling property in disregard of the terms of the trust deed under which they held it, no question as to construction of the deed being involved, but the only question being whether the trustees were about to exceed the power given them, and the court holding that where power is given to trustees to do a particular thing (they being constituted the judges and fully authorized to decide the matter) the court has no jurisdiction to command them as to the exercise of that power, provided their conduct be *bona fide* in all respects, costs and counsel fees may not be allowed complainants, nor costs to the attorney-general, who, as representative of the public, was joined as defendant, instead of as complainant.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Walker, whose opinion is reported in 77 *N. J. Eq.* (7 *Buch.*) 589.

The bill in this case was filed by certain residents of Cedar Grove, in the county of Mercer, who alleged that they and their families were members of and contributors to the support and maintenance of the respective churches and denominations named in a certain deed of trust made by Paul Tulane to the trustees of the First Presbyterian Church at Princeton.

By this deed the property was conveyed to the trustees to be used for gospel preaching and religious services free to all people of the neighborhood.   Mr. Tulane also placed in the hands of the trustees a sum of money to be invested, the income to be appropriated in defraying the expenses of maintaining free preaching and religious services in the church.   Power was given to the trustees to decide upon the discontinuance of the church services whenever it seemed clearly expedient so to do, with full power to sell the land and building and to hold the proceeds of sale, with

14

other funds, for a certain other trust, the said trustees being the judges and fully authorized to decide upon the discontinuance upon all or any cause whatever. The prayer of the bill was for an injunction to enjoin the trustees from selling or conveying away any part of the property. Vice-Chancellor Walker, before whom the cause was heard, advised that the prayer of the complainants for an injunction be denied and that the bill be dismissed. He further advised that as the proceeding was in good faith and required the construction of a trust instrument under which the property in question was held, that it was a case for the allowance of costs and counsel fees to both parties.

From the decree of dismissal the complainants appealed, and that decree has been unanimously affirmed by this court.

From so much of said decree as awarded costs and counsel fees to the complainants and the costs of the defendant, the attorney-general, out of the trust estate, a cross-appeal was taken by the defendants, James H. Wikoff and others, trustees, &c.

*Mr. John V. B. Wicoff*, for the appellants.

*Mr. Adrian S. Appelget*, for the respondents.

The opinion of the court was delivered by

VROOM, J.

The only question to be decided on this appeal is whether the vice-chancellor was warranted in advising the allowance of costs and counsel fees in this cause. There was a decree of dismissal from which the complainants appealed, and as above stated, that decree has been unanimously affirmed by this court.

There can be no doubt as to the general rule in the courts of this state, that costs will be awarded a complainant out of the estate on the dismissal of his bill when, as executor, he comes into a court of equity to settle the construction of the will, or for direction as to his duty in regard to the mode of carrying its provisions into effect. *Whitenack* v. *Stryker, 2 N. J. Eq. (1 Gr. Ch.) 8; Van Houten* v. *Pennington, 8 N. J. Eq. (4 Halst.) 745; Cox* v. *Wills, 49 N. J. Eq. (4 Dick.) 573.*

The same rule prevails in the English court of chancery. *Rashley* v. *Masters, 1 Ves. 201; Jolliffe* v. *East, 3 Br. Ch. Rep. 25.* See, also, *Dan. Ch. Pr. 1426; 1 Redf. Wills 433.*

It cannot be pretended that the bill in this case was filed for the construction of a will or of a trust thereby created; it was only for an injunction to restrain certain trustees from selling property held by them, in disregard of the terms of the trust deed; it involved no question as to the construction of the deed creating the trust, the only question being whether the trustees were about to exceed the power given them, and the court below held, "where power is given to trustees to do a particular thing, they being constituted the judges and fully authorized to decide the matter, the court has no jurisdiction to command them as to the exercise of that power, provided their conduct be *bona fide* in all respects."

Again, the bill was not one filed by the trustees to ask and receive the aid and direction of a court of equity in the proper exercise of their trust, but even had it been, and reasonable ground had been shown to exist for coming into court for such direction, it by no means follows that costs would have been allowed such trustees as complainants, out of the trust funds, on the dismissal of their bill.

The English cases are all in accord with *Dan. Ch. Pr. 1426,* where, in referring to the exception to the general rule in the allowance of costs to the complainant on the dismissal of his bill, it is said that "the rule applies only to cases under wills; it *does not* apply where difficulties arise upon the construction of deeds." *Hampson* v. *Brandwood, 1 Mad. 208; Patrhcing* v. *Dobbins, Kay 1, 15.*

No case can be found in this state where costs have been awarded a complainant on the dismissal of his bill for the construction of any other kind of instrument than a will.

This bill not having been filed by the trustees for the construction of the trust deed, it is not necessary now to decide what course this court would take had it been and were the question properly before it.

The decree allowing costs and counsel fees and the costs of the defendant, the attorney-general, should be set aside and reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Voorhees, Bogert, Vredenburgh, Vroom, Congdon—11.