AMELIA SPARKS et al.

*v.*

CHARLES S. ROSS et al.

CHARLES ROSS et al.
*v.*
AMELIA SPARKS et al.

[Submitted July 22d, 1913. Determined July 23d, 1913.]

1. *1 Comp. Stat. 1910 p. 445 § 91*, authorizing an allowance for a counsel fee on behalf of the successful litigant in a suit to quiet title to real estate, does not authorize such an allowance to an unsuccessful litigant to such suit, nor is the court authorized to make such an award independent of the act, though the claim of title urged by the respective parties to the suit was through or under the will of the deceased person; not involving the administration of a trust or the estate of such person.

2. Where a bill for an accounting as to a bequest to trustees involved the issue whether complainants were testator's grandchildren, born of his son in lawful wedlock, which question had been determined against them, they were not entitled to an allowance for counsel fees on the theory that the suit involved the inquiry whether complainants were entitled to a share in testator's estate under the trust provisions of his will, and accordingly involved the proper administration of the estate.

Hearing on application for allowance for counsel fees.

*Mr. John J. Crandall* and *Timothy J. Middleton,* for Ross and others.

*Mr. Thomas E. French,* for Sparks and others.

LEAMING, V. C.

A motion has been made by counsel for defendant in the first case above stated and by counsel for complainant in' the second case above stated for an allowance of a counsel fee to be paid

out of or made a charge on certain trust property, adverse claims to which property occasioned the litigation.

The first suit was a statutory suit against defendants to quiet title to certain real estate and was determined by a final decree against defendants. · I am convinced that no power exists upon the part of this court to award a counsel fee to the unsuccessful litigant in a suit of that nature. *Comp. Stat. 445 § 91* authorizes such an allowance in behalf of a successful litigant, but does not include an unsuccessful one. The circumstance that the claim of title urged by the respective parties was through or under the will of Samuel Ross, deceased, in no manner constitutes the suit, one for the administration of a trust or of an estate of a deceased person.

The second case above stated was a suit by Charles Ross and others for an accounting as to a certain bequest made by the will of Samuel Ross to certain trustees, and also sought to have that bequest declared a lien on the real estate of which that testator dies seized. By the will of Samuel Ross this bequest was payable at the death of Edmund B. Ross, son of Samuel Ross, to any children that should after the date of the will of Samuel be born to Edmund in lawful wedlock.

Complainants in the bill claimed to be such children. The issue presented was the identical issue presented in the former suit; that issue was whether complainants (defendants in the former suit) were children of Edmund B. Ross, born to him in lawful wedlock after the date of the will of Samuel Ross. That issue was determined by final decree against complainants and the bill was accordingly dismissed.

It is now urged in behalf of this motion that the allowance should be made because the suit involved the inquiry whether complainants were entitled to share in the estate of Samuel Ross, deceased, under the trust provisions of his will, and accordingly involved the proper administration of his estate.

In suits in equity brought by executors, administrators or by trustees under a will or otherwise in aid of the administration of trust property or the performance of trust duties costs and necessary disbursements are properly made a charge against the

trust fund and may, it seems, include allowances for costs incurred by necessary and proper parties to the proceedings; and a legatee, filing a bill for his legacy will, if successful, be entitled to costs out of the estate. But I find no authority for an allowance to an unsuccessful claimant in a suit instituted by him against an estate or trust fund. .

The rule, as defined in *Dan. Ch. Pl. & Pr.* *1427, is as follows:

"When it is said, that a legatee, filing a bill for his legacy, will be entitled to his costs out of the estate, it must be understood only as applying to those cases in which he is successful in the suit. If a person claims as legatee, and his bill is dismissed, he will not, in general, be allowed his costs out of the testator's estate, notwithstanding there is an ambiguity in the will, which renders it necessary to apply to the court for its construction. In such cases, the court will usually, if the case involves considerable difficulties, occasioned by conflicting decisions or the acts of the testator, or the plaintiff has a fair ground for making his claim, make each party bear his own costs, by ordering the dismissal to be without costs. Therefore, where a bill was filed by the next of kin of a testator against the executors, for the undisposed-of residue, and the next of kin failed, the bill was dismissed without costs; because the court thought there was some excuse for their litigating the executor's right to it. And, where, after a verdict upon an issue, finding against the legitimacy of a person claiming a legacy as a legitimate child, a question arose as to the costs, the court refused to give costs against him; as he had always borne the name of the family, and been received in it. Where, however, the bill is not simply dismissed, but a declaration of right is made, the plaintiff, though unsuccessful, is often given his costs."

The text above quoted presents the exact situation here presented. The suit was to enforce the payment of a legacy and the single question involved was whether complainants were the persons named in the will as legatees. That issue was determined adversely to complainants and the bill was accordingly dismissed. I am satisfied that no justification can be found for an allowance of the nature here sought.

I am obliged to deny the motions in both suits.