JOSEPH S. CLEMENTS, complainant-respondent,

*v.*

HELEN R. CLEMENTS, defendant-appellant.

[Argued February 13th, 1941. Decided April 25th, 1941.]

*Mr. Frank I. Casey* and *Mr. J. Richard Kafes,* for the complainant-respondent.

*Messrs. Minton & Rogers* (*Mr. H. Collin Minton, Jr.*), for the defendant-appellant.

PER CURIAM.

Complainant and defendant are husband and wife. Complainant sought by his bill of complaint to compel the defendant to reconvey to him all the right, title and interest as co-tenant by the entirety which he had lately held in the described lands and which, as he alleged, the defendant, by deceit and undue influence, has caused him to convey out. The lands lie in Princeton township, Mercer county, and constitute a private estate of considerable size and value which the defendant had formerly owned solely in her own right and in which she had conveyed an interest to her husband in such fashion as to constitute the two of them tenants by the entirety. Defendant answered the bill, and issue was briefly and formally joined. A day for trial was fixed, but before the time was reached a consent decree was arranged for and in season a form of decree was submitted by the solicitor of the complainant, consented to by the solicitor for the defendant, advised and signed. The decree recited that the defendant did not admit the specific allegations of the bill but admitted, solely for the purpose of the decree, "the existence of facts justifying" the decree. The decree ordered the defendant to convey to the complainant an interest of tenancy by the entirety (with defendant) in and to the described lands, retaining to defendant, however, the right of exclusive occupancy for a period of six months thereafter and that "defendant do pay to complainant his costs of this suit to be taxed, in which shall be included such amount by way of

counsel fee as shall be adjudged and allowed to him in that behalf upon further hearing upon the issue as to what sum should be so adjudged in that behalf." There was reserved to defendant by provision in the consent the right to appeal from such order as might be made as to costs and counsel fee with respect to the amount thereof. The Vice-Chancellor was of the opinion that the determination of the suit was not a compromise, that the complainant had prevailed in the litigation and should be reimbursed for the expense of his counsel fees, theretofore undetermined. The Vice-Chancellor, having regard for the value of the property, of complainant's interest therein, the amount that would have been a reasonable charge by complainant's solicitor for his services had the litigation been waged to a conclusion and the savings that had been accomplished in that the defendant had saved the complainant the trouble and expense of final preparation for actual trial and possible proceedings on appeal, fixed the allowance at the sum of $6,500. On subsequent motion the court further assessed against defendant a charge of $250 which the complainant had incurred by reason of employing a real estate expert to make a property appraisal for submission to the court with respect to the *quantum* of counsel fee. The appeal goes to those two allowances.

The allowances discussed in this opinion are those charged against one party and in favor of another party. They have no reference to charges between a lawyer and his client. *Cf. Strong & Sons* v. *Mundy, 52 N. J. Eq. 833.*

We consider that the allowances are excessive. There has been an increasing tendency to visit upon the losing party in a Chancery suit the entire legal expense of the successful litigant. Whatever may be said in justification of this visitation in exceptional cases, we think it is neither the meaning of the statute nor the spirit of the law that such a standard should be the prevailing rule of judicial action. That practice, generally applied, does not, in our opinion, work uniformly to do equity. The award of counsel fee to a successful party is doubtless designed to mitigate, to a greater or less extent, the necessary expenses incurred in the conduct of litigation. But mitigation is not indemnification.

The trend has, we believe, resulted from several inducing causes, foremost among which has been the tendency to make general a practice which has been and should be confined to particular fields of litigation, such as where trust funds in the control of the court are being administered, *In re Welsh, 93 N. J. Eq. 303,* or the proceeding is of divorce or like matter relating to the marriage status and the well-recognized "suit money" is allowed; or there is legislative authority peculiar to the proceeding, as in receiverships, *R. S. 14:14-22/23,* or will contests, *R. S. 3:2-51;* or the action is for recovery—this chiefly in the law courts—upon some proceeding wherein compensation had been paid for legal services not involved in the immediate suit, *e. g.,* recovery in an action for malicious prosecution for legal expenses incurred in the suit maliciously instituted, which, of course, does not come within the category of court allowances.

The authorizing statutes from which the Chancellor receives his power to fix allowances in the ordinary suit are *R. S. 2:29-131* and *R. S. 2:29-132* as follows:

"2:29-131. Allowance of counsel fees; direction for payment. In any cause, matter or proceeding in the court of chancery the chancellor may make such allowances by way of counsel fee to the party obtaining the order or decree as shall seem to him to be reasonable and proper, and shall direct which of the parties shall pay such allowances; or, where such allowances are ordered to be paid out of property or funds, shall specify and direct the property or funds liable therefor.

"The chancellor may provide for the inclusion of such allowances in the taxable costs, or may provide for their collection in such other manner as is agreeable to the practice of the court.

"Such allowances shall be in lieu of any allowance for counsel fees provided for by statute.

"2:29-132. Successful party charged with costs and counsel fees. The court of chancery, upon making any order or decree, may charge the successful party with costs or a reasonable counsel fee, or both, in any case in which the court shall deem it just to do so."

We express the view that the establishment of a rule, or such persistency of practice as becomes equivalent to a rule, that the losing party in an ordinary Chancery action shall be compelled to pay to the successful party a counsel fee equal in amount to the reasonable but entire legal expense of the

successful party is not within the meaning of the statutes. If the statutes are designed to effect that result they should be framed with greater certainty.

With respect to the amount of the allowance for counsel fee in the present case: We find no proofs particularizing the services rendered. *Barr* v. *Belmar, 118 N. J. Eq. 279.* The only evidences of services shown by the state of case not already mentioned are a petition for allowance of $250 for the appraiser, a sustaining affidavit thereon, and an order for allowances. The real legal service, so far as appears, consisted of the preparing of a bill of complaint and of a consent decree.

The defendant should not, we think, be required to pay the entire cost of the appraisal, the sole purpose of which was to enable complainant to increase the allowance for counsel fees. It does not appear that the services of an expert appraiser were actually required. The appraisal tended to settle none of the meritorious issues of the litigation. $125 is all, in our opinion, that defendant should be required to pay for the complainant's appraisal. We consider further that an allowance of $1,000, chargeable against the defendant for complainant's counsel fee, is all that the record will support.

The decree of the Court of Chancery will be modified to the extent above directed and the record will be remanded to the Court of Chancery, there to be proceeded with in a manner not inconsistent with this opinion.

*For affirmance*—WELLS, J.  1.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, DONGES, PERSKIE, PORTER, COLIE, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ.  12.