HENRY S. HAINES AND RICHARD J. LIPPINCOTT, PLAIN-TIFFS - RESPONDENTS, v. BURLINGTON COUNTY BRIDGE COMMISSION, ET AL., DEFENDANTS-APPEL-LANTS.

Argued November 5, 1951—Decided January 21, 1952.

Mr. *Milton M. Unger* argued the cause for the appellants Tuthill Ketcham, *et al.* (*Messrs. Milton M. and Adrian M. Unger,* attorneys) and for appellants Burlington County Bridge Commission, *et al.* (*Mr. Robert L. Hood* and *Mr. Thomas D. Begley,* attorneys).

Mr. *Milton M. Conford* argued the cause for the respondents (*Mr. James M. Davis, Jr.,* and *Mr. John A. Mathews,* attorneys).

The opinion of the court was delivered by

VANDERBILT, C. J.  This appeal is before us following the granting of the defendants' petition for certification to review a judgment of the Appellate Division of the Superior Court affirming an award of counsel fees made to the plaintiffs by the Chancery Division of that court.

On October 26, 1948, the plaintiffs as taxpayers instituted this action in the Law Division of the Superior Court against the Burlington County Bridge Commission, the Burlington County Board of Chosen Freeholders, and the respective members of these two bodies for the purpose of setting aside the purchase by the bridge commission of the Burlington-Bristol and Tacony-Palmyra bridges from the Burlington-Bristol Bridge Company.  The plaintiff's complaint was subsequently amended to include as defendants and secure a judgment for money damages against the stockholders of the Burlington-Bristol Bridge Company.  On the commencement of the action temporary restraints were imposed on the defendants and a receiver was appointed to take possession of and operate the bridges.  On appeal from this interlocutory order the Appellate Division of the Superior Court continued the restraints but vacated the appointment of the receiver, *Haines v. Burlington County Bridge Commission,* 1 *N. J. Super.* 163 (1949).

In the meantime another action to set aside the purchase of the bridges had been instituted in the Chancery Division of the Superior Court by the Governor and Attorney-General. On the application of the plaintiffs in that case the Appellate Division ordered the two actions consolidated for trial in the Chancery Division.  Before the cases came on for trial the plaintiffs in both actions presented to the court an order providing for an immediate dismissal of the action commenced by Haines and Lippincott and for the award of fees to their counsel out of funds of the bridge commission. This order the court declined to sign; instead it entered an order which, among other things, stayed all proceedings in the action instituted by Haines and Lippincott pending the

determination of the action brought by the Governor and Attorney-General and reserved decision on the application for counsel fees. In due course the action prosecuted by the Governor and Attorney-General was decided and subsequently on December 29, 1950, an order was entered dismissing the Haines and Lippincott action and allowing their counsel a fee of $22,500 to be paid by the bridge commission out of its general funds. This allowance of counsel fees was made over the objection of the defendants who took the question up on appeal to the Appellate Division of the Superior Court. That court sustained the award of counsel fees on the ground that there was a "fund in court" within the meaning of *Rule* 3:54–7(*b*) because of the fact that the Chancery Division through the exercise of its injunctive power controlled the assets of the bridge commission and because a fund had been preserved for the State and other interested parties. We granted certification to review this determination.

The facts preliminary to and surrounding the prosecution of this action by Haines and Lippincott are set forth at length in our opinion in *Driscoll v. Burlington-Bristol Bridge Company,* 8 *N. J.* 433, which is handed down herewith. In that case we also had occasion to consider the identical question presented on this appeal, namely, is there a "fund in court" within the provisions of *Rule* 3:54–7(*b*) out of which counsel fees may be allowed. Our conclusion in that case to the effect that there is no such "fund in court" and that counsel fees are therefore not allowable is equally applicable in this case and reference to our opinion there makes it unnecessary for us to discuss the question at length here. We deem it necessary to make only two added observations. The fact that property which is the subject of litigation is under the control of the court through the issuance of temporary restraints does not, as the Appellate Division suggests, create a "fund in court" out of which counsel fees may be allowed. The plaintiffs' contention that the defendants consented to the award of counsel fees is of no merit, not

only because such consent cannot enlarge the power of the court in the premises but also because the only order to which the defendants consented was never entered by the court and it is not to be implied that they consented to the entry of a different order at a later date.

For the reasons expressed herein and in the *Driscoll* case, the order allowing counsel fees is reversed.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For affirmance*—None.