FRANK C. FERGUSON, PLAINTIFF, v. JULIUS A. RIPPEL,
ET ALS., DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided May 7, 1952.

*Mr. John Milton, Jr.,* for the plaintiff (*Messrs. Milton, McNulty & Augelli,* attorneys).

*Mr. John E. Toolan* for the defendant Julius A. Rippel, *et als.* (*Messrs. Toolan, Haney & Romond,* attorneys).

*Mr. George R. Sommer* for the defendant Frank H. Sommer.

*Mr. Halsey W. Stickel* for the defendant Fred G. Stickel, Jr. (*Messrs. Stickel & Stickel,* attorneys).

FREUND, J. S. C.    Julius S. Rippel died on December 9, 1950.   By his will dated March 31, 1950, he appointed his nephew, Julius A. Rippel, and The National State Bank of Newark, executors and trustees to serve without bond.   They have qualified and have undertaken the administration of the estate.

The will provided for the organization of a charitable foundation in memory of his wife, Fannie E. Rippel, and designated it the residuary beneficiary.   The 35th article provided, *inter alia,* as follows:

"THIRTY-FIFTH: All the rest, residue and remainder of my estate, both real and personal, of whatsoever kind and nature and wheresoever situate, of which I may die seized or possessed, or to which I may be entitled at the time of my death, hereinafter referred to as my Trust Estate, I give, devise and bequeath to my Executors, hereinafter named, and the survivor of them, in trust, nevertheless, for the following uses and purposes:

(a) I direct and instruct my said Executors together with such of the following persons as may survive me and be willing to act, namely, FRANK C. FERGUSON, FRANK H. SOMMER and FRED G. STICKEL, Jr., and also together with such other person or persons my said Executors may desire to associate with them as soon after my decease as is practicable to incorporate or cause to be incorporated under Title 15 of the Revised Statutes of New Jersey, a corporation not for pecuniary profit to be operated exclusively for charitable purposes, to be known as 'FANNIE E. RIPPEL FOUNDATION' in memory of my wife.

\*        \*        \*        \* .        \*        \*        \*        \*

(c) I leave to the uncontrolled discretion of the incorporators and trustees of the Foundation the details of organization, maintenance and operation of the Foundation together with the adoption of by-laws, rules and regulations concerning the conduct of the Foundation.

\*        \*        \*        \*        \*        \*        \*        \*

(e) It is my request that FRANK C. FERGUSON, FRANK H. SOMMER, JULIUS A. RIPPEL and FRED G. STICKEL, Jr., be members and trustees of the said Foundation and that they act as such trustees for at least the first year of existence of the Foundation and so long thereafter as they shall be elected and may be willing to serve.   I further desire that the charter of said Foundation shall provide that the members of the Foundation shall also be the trustees thereof, but the number of members and trustees I leave to the dis-

cretion of the incorporators so long as the number shall be not less than three. * * *"

The executors by letter dated August 31, 1951, called a meeting for the purpose of discussing the incorporation of the foundation and advised Messrs. Ferguson, Sommer and Stickel as follows:

"Pursuant to the provisions of Paragraph 35 (a) of the last will and testament of Julius S. Rippel, deceased, we the undersigned executors of said will have decided to associate with us and you as incorporators of the Fannie E. Rippel Foundation, Messrs. L. J. MacGregor, Craig S. Bartlett, I. C. Raymond Atkin and Dr. John F. Sly."

In reply, Messrs. Ferguson, Sommer and Stickel advised the executors that they planned to attend the conference,

"but herewith protest against the participation in such conference of the named persons whom you have chosen to associate with you as proposed incorporators of the proposed Foundation. There being five incorporators available, the four persons named by the decedent as Trustees and the Corporate Executor, to act as Incorporators and such number being sufficient in law to incorporate, no need exists for additional incorporators and consequently, in our opinion, no power to create additional incorporators exists."

Later, the executors submitted for consideration a proposed certificate of incorporation of the Fannie E. Rippel Foundation which fixed the number of trustees at nine and provided that the persons selected by the testator and the persons selected by the executors be the trustees for the first year of the corporation's existence.

Frank C. Ferguson filed the complaint in this proceeding for construction of the will and for an injunction against the incorporation of the foundation pending such construction. The defendants are the executors, the plaintiff's co-trustees of the foundation named in paragraph 35(a) of the will, and the additional incorporators selected by the executors. The Attorney-General of the State of New Jersey was made a party because of the charitable nature of the foundation. Both the plaintiff and the defendant executors and the trustees selected by them have moved for summary judgment.

The defendants, Sommer and Stickel, assume the same position as their co-trustee, the plaintiff Ferguson. They argue that by reason of their willingness to serve as incorporators and trustees of the foundation, the executors are without power to increase the number of or to select incorporators or trustees other than those named by the testator; and that if the individuals selected by the executors to become associated with them are permitted to act as incorporators and trustees, the intention of the testator would be defeated. In support of their contention, they show that the decedent on or about December 15, 1949, caused a corporation to be organized under *Title 15* of the *Revised Statutes* named "Julius S. Rippel Foundation"; that the incorporators and trustees for the first year, five in number, were the decedent, Julius S. Rippel; his nephew and executor, Julius A. Rippel; and the said Frank H. Sommer, Frank C. Ferguson and Fred G. Stickel, Jr. They also rely upon communications between the decedent and Frank H. Sommer.

The plaintiff argues that it was the testator's intention that the organizers and trustees of the Fannie E. Rippel Foundation should be the same individuals as in the Julius S. Rippel Foundation with the exception of the testator. He contends that if the executors' construction of the will is to prevail, they could add an unlimited number of incorporators and trustees who could outvote the persons selected by the testator. On the other hand, the executors and trustees selected by them contend that the will is clear and unambiguous and that no extraneous evidence is admissible.

The pertinent principles of law are too well-established to require extended citation of authority.

"The judicial interpretative function is to find the meaning of the testator's expression; and if the testamentary purpose is revealed by terms that are clear and unequivocable, viewed in the light of the surrounding circumstances, there is no room for construction in its general connotation. *In re Fisler*, 133 *N. J. Eq.* 421. * * * The words are to be given their primary and natural significance unless the context makes it clear that they were employed in a different sense. * * * The aim of construction is not to find the unex-

pressed intention of the testator, but that expressed in the language of the will. The judicial function is not to redraft or revise the will, but only to construe the will that the testator has made." *Ricardo v. Kelly*, 134 *N. J. L.* 540 (*Sup. Ct.* 1946).

*Hudson Trust Co. v. deMalignon,* 140 *N. J. Eq.* 167 (*E. & A.* 1947); *Christ's Home v. Mattson,* 140 *N. J. Eq.* 433 (*E. & A.* 1947); *In re Fox,* 4 *N. J.* 587 (1950); *In re Goldfaden,* 7 *N. J.* 450 (1951). Proof of the situation existing when the will was made is usually admissible to enable the court to understand the meaning and application of the language found in the will, but where there is no ambiguity, the language is conclusive and the only evidence of intent. *Cummins v. Murphy,* 3 *N. J. Super.* 323 (*Ch. Div.* 1949).

"Extrinsic evidence is not allowed to override the will or to set up an intention inconsistent with it. Where the intention of the testator, as disclosed by the will, is entirely clear—where, as it is sometimes put, there is no room for construction—the court will disregard or may even refuse to hear evidence of surrounding circumstances. In other words, the court will not reform a will under guise of construing it." *Fidelity Union Trust Co. v. Noll*, 125 *N. J. Eq.* 106 (*Ch.* 1939).

The will in this instance is a carefully drawn document. It is clear and unambiguous. The testator in very plain language directed that the Fannie E. Rippel Foundation be incorporated by his executors "together with such of the following persons as may survive me and be willing to act, namely: FRANK C. FERGUSON, FRANK H. SOMMER and FRED G. STICKEL, Jr., *and also together with such other person or persons my said Executors may desire to associate with them.* * * *" (Italics added.) By subparagraph (c) the testator left not only the organization, but the maintenance and operation of the foundation "to the uncontrolled discretion of the incorporators and trustees," which group as provided by subparagraph (a) must include such "person or persons my said Executors may desire to associate with them." There is no restriction or limitation

upon the number of persons whom the executors might select as incorporators and trustees. To yield to the plaintiff's view would necessitate striking from the will the provision which explicitly and clearly directs and empowers the executors to associate others with them.

The confidence which a testator normally manifests by the nomination of executors here appears to have been deep and abiding, since it was provided that they serve without bond in the administration of an estate running into millions of dollars. The plaintiff's apprehension that the executors' addition of associates as incorporators and trustees may defeat the testator's purpose is, to say the least, premature. A mere increase in number need not foreshadow discord. In view of the testator's charitable intent, there should be complete accord and harmony among all the trustees, and no disagreement between the trustees named by the testator and those selected by the executors. The foundation should be operated so as to bring to fruition Mr. Rippel's testamentary purposes. Only if there should be controversy among the trustees so serious that the foundation could not function in the manner contemplated by the testator, might it be argued that the testator's intention was being thwarted. There is no indication of such a likelihood; and if perchance there should be such disharmony, it would be unfortunate, but nonetheless a consequence of the authority of association with which the testator in clear and unambiguous language clothed his executors.

The defendants' motion for summary judgment is granted.