21 N.J. Super. 59 (1952)
90 A.2d 750
FRANK C. FERGUSON, PLAINTIFF,
v.
JULIUS A. RIPPEL, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 27, 1952.
*61 Mr. John Milton, Sr., for the plaintiff (Messrs. Milton, McNulty & Augelli, attorneys).
Mr. John E. Toolan for the defendants Julius A. Rippel et als. (Messrs. Toolan, Haney & Romond, attorneys).
Mr. George R. Sommer for the defendant Frank H. Sommer.
Mr. Halsey W. Stickel for the defendant Fred G. Stickel, Jr. (Messrs. Stickel & Stickel, attorneys).
FREUND, J.S.C.
This proceeding for construction of the will of Julius S. Rippel, deceased, was disposed of by an opinion filed in the cause, reported in 19 N.J. Super. 424, which states the facts. The present application is made by all parties for allowance of counsel fees to be paid by the *62 estate of the decedent. Counsel for the defendant executors and trustees argues that there is a fund in court from which, in the discretion of the court, an allowance of counsel fees may properly be made, and applies for an allowance for the successful defense of the proceeding, but he opposes allowances to the plaintiff and to the other defendants.
Rule 3:54-7 (b) has been the subject of consideration by the Supreme Court in several recent cases: Katz v. Farber, 4 N.J. 333 (1950); Milberg v. Seaboard Trust Co., 7 N.J. 236 (1951); Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433 (1952); In re Koretzky, 8 N.J. 506 (1952); Haines v. Burlington-County Bridge Comm., 8 N.J. 539 (1952). The rule provides that:
"No fee for legal services shall be allowed in the taxed costs or otherwise, except: * * * (b) or out of a fund in court. The court in its discretion may make an allowance out of such a fund, but no allowance shall be made as to issues triable of right by a jury."
The established principle is that:
"It is not necessary that the fund be actually and physically in the possession of the court, or in the hands of the clerk of the court, or a receiver, or a trustee. It is sufficient if, as a result of the litigation, the fund is brought under the control of the court. An illustration of this is a suit to construe a will or a trust agreement. In such suits it is common practice to award counsel fees out of the decedent's estate or the trust fund, neither of which is in court, but is the subject matter of the litigation and for that reason under the control of the court." Cintas v. American Car & Foundry Co., 133 N.J. Eq. 301 (Ch. 1943), affirmed 135 N.J. Eq. 305 (E. & A. 1944).
There is a "fund in court" where the court has jurisdiction or control over the estate or trust funds. In re Welsh, 93 N.J. Eq. 303 (Ch. 1922); In re Fisher, 115 N.J. Eq. 329 (E. & A. 1933); Stetser v. American Stores Co., 125 N.J.L. 275 (E. & A. 1940); Clements v. Clements, 129 N.J. Eq. 350 (1941). Nevertheless, Chief Justice Vanderbilt in Driscoll v. Burlington County Bridge Comm., supra, stated that an unwarranted extension of Rule 3:54-7 (b) would *63 permit awards of counsel fees in a vast number of cases to which it was never intended that the rule should apply.
In support of the instant application, it is pointed out that at the institution of this proceeding when a temporary restraint against the incorporation of the "Fannie E. Rippel Foundation" was issued, the order of Judge Stein entered November 21, 1951, embodied an assumption of jurisdiction by this court over the administration of the estate. However, the fact that property is under the control of the court through the issuance of temporary restraints does not of itself create a "fund in court" out of which counsel fees may be allowed. Haines v. Burlington County Bridge Comm., supra.
Concededly, this proceeding is for the construction of a provision of decedent's will. The practice of allowances on the construction of wills remains as heretofore, Katz v. Farber, supra, but the mere fact that a proceeding is for the construction of a will does not without more mean that counsel fees may be imposed upon the estate.
The question is whether under the existing facts the court is empowered to make allowances; and if so, whether the discretion should be exercised in favor of all applicants. "The exercise of discretion implies conscientious judgment, not arbitrary action. Carlo v. Okonite-Callender Cable Co., 3 N.J. 253, 262-3 (1949)." In re Koretzky, supra. The discretion is, of course, circumscribed by prior decisions, an examination of which discloses that an allowance may not be made except: (1) where the proceeding to construe the will or trust instrument is brought by the executor or trustee or beneficiary; and (2) there is some reasonable doubt or obscurity in the meaning of the instrument. In such instances, the court may make reasonable allowances for counsel fees to the plaintiff and to proper parties defendant. Attorney-General v. Moore's Executors, 19 N.J. Eq. 503 (E. & A. 1868); Jacobus' Executors v. Jacobus, 20 N.J. Eq. 49 (Ch. 1869); Noe's Adm'r. v. Miller's Ex'r., 31 N.J. Eq. 234 (Ch. 1879); Baxter v. Baxter, 43 N.J. Eq. 82 (Ch. 1887), affirmed 44 N.J. Eq. 298 (E. & A. 1888); Cox v. Wills, 49 *64 N.J. Eq. 573 (E. & A. 1892); Larkin v. Wikoff, 79 N.J. Eq. 209 (E. & A. 1911); Sparks v. Ross, 82 N.J. Eq. 121 (Ch. 1913); West v. St. James' Episcopal Church, 83 N.J. Eq. 324 (E. & A. 1914); In re Purcell, 125 N.J. Eq. 372 (Prerog. 1939).
5 New Jersey Practice, Clapp, Wills and Administration, § 203, page 481, summarizes the rule as follows:
"In an action brought by an executor or trustee solely or in part for the construction of a will, costs and a reasonable counsel fee for all proper parties may be charged against the estate, as a fund in court, provided the question before the court gives rise to a reasonable doubt, and there is no vexatious or unnecessary litigation over the matter. * * *"
The position of the defendants, Frank H. Sommer and Fred G. Stickel, Jr., is the same as that of the plaintiff; only nominally are they defendants. Even if their arguments in the main cause were not identical, their objective was the same. They aligned themselves with the plaintiff and opposed the executors and trustees. Kempton v. Bartine, 59 N.J. Eq. 149 (Ch. 1899), affirmed 60 N.J. Eq. 411 (E. & A. 1900). Insofar as the right to an allowance of counsel fees from the estate is concerned, they are on a parity.
Although the plaintiff acted entirely within his rights in instituting this action, as in all litigation he as an individual assumed the obligation of costs and counsel fees, for neither he nor the defendants, Sommer and Stickel, are executors, trustees or beneficiaries under the will of the decedent. The executors and trustees of the estate are the co-defendants, Julius A. Rippel and the National State Bank of Newark. The residuary beneficiary is the "Fannie E. Rippel Foundation," of which non-profit corporation the decedent in his will requested the plaintiff and the defendants, Sommer and Stickel, to be incorporators, members and trustees.
Nor do I consider that there was any reasonable doubt or obscurity in the meaning of the 35th article of decedent's *65 will. My opinion so holds, as follows: "[The will] is clear and unambiguous"; "The testator in very plain language directed * * *"; "To yield to the plaintiff's view would necessitate striking from the will the provision which explicitly and clearly directs and empowers the executors * * *"
As to the position of counsel for the executors and trustees, it was the duty of the executors and trustees to defend; they were justified in employing counsel and reasonable counsel fees and costs are properly chargeable to the estate. Kings-land v. Scudder, 36 N.J. Eq. 284 (Prerog. 1882); In re Babcock, 112 N.J. Eq. 374 (E. & A. 1933); Christ's Home v. Mattson, 140 N.J. Eq. 433 (E. & A. 1947). However, the court need not fix the fee. Such compensation as the executors and trustees and their counsel may agree upon will be included in the executors' account and will be then subject to review by the court.
In the light of recent interpretations of Rule 3:54-7(b) by the Supreme Court, I am constrained to conclude that under the facts of the instant proceeding no counsel fees or taxed costs may be allowed.