CELIA SOBEL, complainant-respondent,

*v.*

ALEXANDER SOBEL, defendant-appellant.

[Decided January 31st, 1927.]

The court of chancery has jurisdiction to allow counsel fees for services rendered on the appeal, in a case which has been heard by this court, where the record has been remitted to the court of chancery, without this court having taken action in the matter of such counsel fees.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Bentley, whose opinion is reported in *99 N. J. Eq.* 707.

*Messrs. Weinberger & Weinberger,* for the appellant.

*Mr. John Platoff,* for the respondent.

*100 N. J. Eq.* Sobel *v.* Sobel.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The respondent, Celia Sobel, instituted an action for divorce against her husband, the present appellant. The hearing of the action resulted in the making of a decree of divorce, and for permanent alimony. The defendant appealed to this court from so much of the decree as awarded alimony, and there was an affirmance. While the matter was before us an application was made on behalf of the wife for the allowance of a counsel fee to be paid by the husband for services rendered by her counsel in this court. No action, however, was taken on this application, and, the portion of the decree appealed from having been affirmed, the *remittitur* went down without any adjudication upon the application for such counsel fee. In this situation, counsel for Mrs. Sobel applied to the court of chancery for an order directing the appellant to pay her counsel a reasonable compensation for the services rendered by him to her in this court on the appeal from the award of alimony. This application was granted, and a counsel fee of $1,000 was directed to be paid to the respondent's counsel. From the order so directing the husband has appealed, and the sole ground upon which the appeal is rested is that the court of chancery had no jurisdiction to make such an order; in other words, that this court alone could take action upon such an application.

The contention that the court of chancery was without jurisdiction to make the order appealed from is directly in the face of our decision in the case of *Weeks* v. *Lister, 62 N. J. Eq. 813.* In that case, after the *remittitur* went down from this court, an application was made to us by counsel for the respondent, who had succeeded in this court, to direct an amendment by inserting therein an allowance for counsel fees. We declined to recall the *remittitur* from the court of chancery for the purpose indicated, and in doing so we stated that the application for counsel fees for service rendered in this court should first be made in this court; that if the court passes upon it, our decision is final, but

if the court does not pass upon it, then, after the *remittitur* has gone down, the court of chancery has jurisdiction to grant counsel fees for services rendered in this court, and also costs of printing the case for use in this court, when proper grounds are shown for the making of such an order.

It is further argued before us that the amount of . the counsel fee allowed by the court of chancery—namely, $1,000 —is excessive, but that matter is not made a ground of appeal, and, therefore, is not entitled to consideration here.

The decision in *Weeks* v. *Lister, supra,* is controlling and requires an affirmance of the order under review.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ.    11.

*For reversal*—BLACK, J.    1.