JULIUS SHARFF and LOUIS KOPLOWITZ, complainants-respondents,

*v.*

ROBERT TOSTI and JENNIE TOSTI, his wife, et al., defendants-appellants.

[Argued February 8th, 1932. Decided May 16th, 1932.]

*Mr. Gaetano M. Belfatto,* for the appellants.

*Mr. Benjamin Newman,* for the respondents.

The opinion of the court was delivered by

TRENCHARD, J.

This is an appeal from an order of the court of chancery allowing a counsel fee of $500 to complainants for services rendered in an appeal in this court in the above entitled cause.

The situation was this: The appeal was decided, and the opinion filed in this court on May 18th, 1931 (*108 N. J. Eq.*

*270*), affirming the decree of the court of chancery in favor of the complainants. No application was made to this court by the complainants for a counsel fee in this court. After *remittitur* to the court of chancery, and on June 16th, 1931, the complainants applied to Vice-Chancellor Church for a counsel fee for services rendered in this court in the appeal, and on his advice an allowance of $500 was made, to be paid by the unsuccessful appellants in this court. The present appeal questions the legality of that order upon the ground that "no application for counsel fee was made to the court of errors and appeals and no' reason shown why it was not made." We think that ground is well taken, and we have not considered the question whether the present case is within the class in which a counsel fee can properly be awarded for services in this court, which question is not raised nor argued.

. The rule respecting counsel fees in the court of errors and appeals, so far as concerns this situation, was laid down by this court in *Weeks* v. *Lister, 62 N. J. Eq. 813*, thus:

"The application for counsel fees should first be made in this court. If the court then passes on it the decision is final, but if the court does not pass on it, or if through mere inadvertence the application is not made while the case is before this court, then after the *remittitur*, the court of chancery has jurisdiction to grant counsel fees  *  *  *  in the court of errors and appeals upon a proper case being presented in these respects."

Thereby it is seen that the application "should first be made in this court." That was not done in the present case It is also seen that "if through mere inadvertence the application for counsel fees is not made while the case is before this court, then after the *remittitur*, the court of chancery has jurisdiction."

Now in the present case the petition does not aver that "through mere inadvertence" the application (for counsel fee) was not made while the case was before this court, nor was that otherwise made to appear to the court of chancery.

In these circumstances, and under the rule stated, the

court of chancery was without jurisdiction or power to make such order for counsel fee. The rule of the *Weeks Case* was not modified by the case of *Sobel* v. *Sobel, 100 N. J. Eq. 532,* for in the latter case the application was first made to this court and no action was there taken thereon.

No doubt the reason for requiring a showing that it was not by design that the application was not made to this court was to reasonably enforce the rule that the application "should be first made in this court" which is desirable because of this court's knowledge of the factors bearing upon the propriety of the allowance of a counsel fee in this court, and of the amount thereof, if one is allowed, in the given case.

The order awarding the counsel fee under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 13.