The complainants' decree in this foreclosure suit was taken to the court of errors and appeals by subordinate lien holders. It was affirmed, 108 N.J. Eq. 270. After the cause was remitted, this court allowed a counsel fee of $500 for defending the appeal. The court of errors and appeals reversed the order because, on the motion in this court for the counsel fee, it did not appear that through "mere inadvertence" application for counsel fee was not, in the first instance, made to the court of errors and appeals and it was held that, therefore, this court had not jurisdiction or power to make the allowance. 110 N.J. Eq. 397.
The ruling was not on the merits, the court saying: "We have not considered the question whether the present case is within the class in which a counsel fee can properly be awarded for services in this court." The ruling is not res adjudicata
on this new petition which meets the requirements of the upper court as indicated in its opinion in which it adverts to the practice laid down in Weeks v. Lister, 62 N.J. Eq. 813, that, "the application for counsel fees should first be made in this court. If the court then passes on it, the decision is final, but if the court does not pass on it, or if through mere inadvertence the application is not made while the case is before this court, then after the remittitur, the court of chancery has jurisdiction to grant counsel fees * * * in the court of errors and appeals upon a proper case being presented in these respects." Mr. Justice Trenchard also explains why the jurisdictional facts should appear in the application to this court thus: "No doubt the reason for requiring a showing that it was not by design that the application was not made to this court was to reasonably enforce the rule that the application `should be first made in this court' which is desirable because of this court's knowledge of the factors bearing upon the propriety of the allowance of a counsel fee in this court, and of the amount thereof, if one is allowed, in the given case."
We decline to make an allowance for counsel fee. We are not informed "whether the present case is within the class in which a counsel fee can properly be awarded for services in *Page 108 
this [court of errors and appeals] court." The court of errors and appeals alone knows. It has not as yet definitely fixed a criterion, and an attempted classification by us would be venturesome. Counsel fees rest in sound discretion. We cannot know how the court of errors and appeals may feel in any given case, and we ought not to be called upon to exercise the discretion of that court. With due respect for the procedure inWeeks v. Lister, we are of the opinion that the question should be decided by the court in which the work is done, and that the court of errors and appeals remittitur to us should be the final expression. It is our view that the complainant should apply to the court of errors and appeals to recall the cause to hear the motion.
Motion denied.