JENNIE REPETTI NOBILE, complainant-respondent,

*v.*

FRANK J. BARTLETTA and DANIEL REPETTI, defendants-appellants.

[Submitted October term, 1932.   Decided January 31st, 1933.]

*Mr. Anthony P. LaPorta,* for the defendants-appellants.

*Messrs. Meaney & Lifland* (*Mr. Thomas F. Meaney* and *Mr. Louis Bort*), for the complainant-respondent.

The opinion of the court was delivered by

BODINE, J.

This is an appeal from an order of the court of chancery awarding a counsel fee for services rendered in this court in an appeal where there was an affirmance. *Nobile* v. *Bartletta, 109 N. J. Eq. 119.*

The order is silent as to the jurisdiction of the court of chancery to take such action, and further·the suit does not appear to be one where an award would have been made by this court had the application been made to it. Application for counsel fees are, in general, denied in this court except where a wife prevails in a divorce or maintenance action, a will is sustained or the litigation concerns a fund in court.

"The application for counsel fees should first be made in this court. If the court then passes on it, the decision is final, but if the court does not pass on it, or if through mere inadvertence the application for counsel fees is not made while the case is before this court, then after the *remittitur,* the court of chancery has jurisdiction to grant counsel fees and printing in the court of errors and appeals upon a proper case being presented in these respects." *Weeks* v. *Lister, 62 N. J. Eq. 813.*

The record is silent as to whether an application for counsel fees had been made in this court. Nor does it show if an application was not made to us that the failure was due to mere inadvertence. Where an application is made to the court of chancery for counsel fees for services rendered in this court it should show: (1) if the application was first made here that it had not been acted upon; (2) if the application had not been made here before *remittitur* went down that such failure was through mere inadvertence; (3) that the case was of the kind and character that awards were usually made here. Of course, our action in denying an application for counsel fees would be final.

In the case of *Sobel* v. *Sobel, 100 N. J. Eq. 532,* a divorce action in which the wife had prevailed in both courts, the wife's counsel made an application in this court for a counsel

fee but before the matter was passed upon the *remittitur* went down. Obviously, Vice-Chancellor Bentley had jurisdiction to award a counsel fee. *Weeks* v. *Lister, supra.*

"No doubt the reason for requiring a showing that it was not by design that the application was not made to this court was to reasonably enforce the rule that the application 'should be first made in this court,' which is desirable because of this court's knowledge of the facts bearing upon the propriety of the allowance of a counsel fee in this court, and the amount thereof, if one is allowed, in the given case." *Sharff* v. *Tosti, 110 N. J. Eq. 397, 399.*

It is equally apparent that the reason for requiring a showing that the application was not passed upon by this court, was to enforce the rule that the court of chancery would not award counsel fees for services in this court where the matter had been passed upon or was of such a character that counsel fees would not be here awarded.

The order appealed from is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.