From the final decree in this cause, appointing a substituted trustee in the place of the trustees who resigned or had become incapacitated to act, appeal was taken by the two bondholders' committees, representing perhaps one-third in amount of the outstanding bonds.
The sole ground of this appeal was the contention that the appellants had the right to determine who should be the substituted trustee, and that they had chosen and insisted upon *Page 498 
a certain trust company (which was closed by the banking commissioner shortly thereafter) instead of the trustee actually appointed by the court (who had already served for many months as trustee pendente lite).
There was no dispute but that a substituted trustee should be appointed to protect and liquidate the trust estate.
There was no dispute but that the trustee appointed was well qualified and a fit and proper person for the position.
No benefit would have resulted to the trust estate, nor to the bondholders, nor even to the appealing bondholders (except possibly to such, if any, as may have been interested in the trust company they sought to name) — if the appeal had been successful. On the contrary detriment would have resulted — from the change over from a trustee who had had the long experience in the position and was thoroughly familiar with its situation and problems, to a new trustee without that familiarity and experience; from the fact that the trust company so proposed was in shaky financial condition (although that may not have been known to the appellants); and from the fact that the work required could be done better by a competent individual trustee than by a trust company not organized for, nor experienced in, that particular kind of work.
For the protection of the interests of the other two-thirds of the bondholders, therefore, the court directed the trustee to defend the appeal. He did so, and the appeal was dismissed by the appellate court. For the costs incurred on the appeal and the services of counsel, allowance will of course be made by this court. The question now before this court is whether those expenses should be borne by all of the bondholders, or only by those bondholders who, by taking and prosecuting this unsuccessful appeal, caused the estate to incur the expense of defending it.
Considered from the standpoint of an equitable administration of the trust estate, the answer to this question would seem to be in little doubt. No reasonable ground appears why the bondholders who did not appeal should have the value of their interests in the trust estate diminished by the *Page 499 
expense of defending an appeal which was taken and prosecuted by a mere minority of the bondholders, which was unsuccessful, and which would have resulted in nowise to the benefit of the bondholders (but on the contrary to their detriment) if it had been successful. It seems clear that those expenses in the administration of the estate, so caused by the appellant minority, should be borne by them only.
There is, however, another question involved which must be determined before the issue mentioned can be passed upon — and that is the question of the right or power of this court, at the present time and under the present circumstances, to consider that issue.
The present motion is on behalf of the trustee, on notice to the appellants, for an order directing those appellants to pay the costs and counsel fee of the trustee-respondent. Considered in that aspect, it is the usual and ordinary rule and practice in litigation in this court (in the absence of special circumstances leading to a different conclusion), to award to the successful litigant costs and counsel fee against the unsuccessful party.
In the present instance, however, the litigation in question was not in this court, but in the court of errors and appeals; and the right and power of this court to make such award in such case, is limited.
In such a case the application for such award should first be made to the appellate court, and if the appellate court passes on the question, its decision is of course final. If the appellate court does not pass on it; or if through mere inadvertence the application is not made to the appellate court while the case is before the appellate court, the court of chancery has jurisdiction to entertain the application and the right to make such allowance and award as is proper. Weeks v. Lister,62 N.J. Eq. 813; 53 Atl. Rep. 1125; Sobel v. Sobel, 100 N.J. Eq. 532; 135 Atl. Rep. 893.
Where no application was made to the appellate court, and no reason is shown why it was not so made, the court of chancery is without jurisdiction to make such order. Sharff v. Tosti,110 N.J. Eq. 397; 160 Atl. Rep. 530. *Page 500 
In Nobile v. Bartletta, 112 N.J. Eq. 304;164 Atl. Rep. 278, the court of errors and appeals laid down these rules, governing applications to the court of chancery in cases of this kind — the application must show (1) that if application had been made to the appellate court, it had not been there acted upon; (2) that if the application had not been so made, such failure was due to mere inadvertence; (3) that the case is of the kind and character in which such awards are usually made by the appellate court. The court further stated that application for counsel fees are "generally" denied in that court except "where a wife prevails in a divorce or maintenance action, a will is sustained, or the litigation concerns a fund in court."
In the present instance it may be arguable as to whether the litigation strictly concerns a fund in court — although it clearly did concern such fund indirectly at least. In Sharff v.Tosti, 111 N.J. Eq. 106; 161 Atl. Rep. 830, this court declined to make an award where it felt uncertain as to whether the nature of the case was such as to bring it within the class in which counsel fee could properly be awarded for services in the appellate court.
However, in the present case concededly no application was made to the appellate court, and it does not appear that the failure was due to mere inadvertence. Indeed it would appear that the failure was not due to inadvertence, but to the belief of counsel that the application in such a case as the present should be made to this court rather than to the appellate court — because the defense of the appeal was performed by the direction and order of this court. Compensation of course can and will be allowed by this court, out of the trust estate, for the work performed at the direction of this court (and this, of course, irrespective of whether the defense of the appeal was successful or unsuccessful); but it cannot, on the present application, be awarded in such wise as to constitute an award in favor of one party to the appeal and against the other.
The present application must be denied. Application should be made to the court of errors and appeals to recall the cause and hear the motion. *Page 501