UNIVERSAL INDEMNITY INSURANCE COMPANY, a corporation of the State of New Jersey, complainant-appellant,

*v.*

JAMES CALTAGIRONE, defendant-respondent, and COMFORT BUS LINES, a corporation of the State of New Jersey, and JOSEPH NEMETH, defendants.

[Submitted October 15th, 1935. Decided January 31st, 1936.]

*Messrs. Ridley & Flanigan (Mr. John L. Ridley,* of counsel), for the complainant-appellant.

*Messrs. Feder & Rinzler,* for the defendant-respondent.

The opinion of the court was delivered by

WELLS, J.

This is an appeal from a decree of the court of chancery dismissing a bill of complaint filed by the Universal Indemnity Insurance Company, hereinafter called the Insurance Company, against James Caltagirone, Comfort Bus Lines, hereinafter called Bus Company, and Joseph Nemeth.

Caltagirone suffered injury as the result of a collision between a bus owned by the Bus Company and driven by Joseph Nemeth, and an automobile owned by one Frank Janiec and operated by his son, Edward Janiec. As the result of an action in the New Jersey supreme court, Caltagirone secured a judgment in the amount of $2,000 against the four named parties as joint tort feasors.

At the time of the accident Frank Janiec was the holder of a $5,000 automobile liability policy issued by the Insurance Company. It is undisputed that the policy covered the driver of the car, Edward Janiec, as an "additional assured." After the judgment was recovered, the Insurance Company offered to share the amount thereof equally with the Bus Company, which offer was refused.

An execution was issued against all four defendants and returned unsatisfied. Thereupon Caltagirone instituted action in the New Jersey supreme court against the Insurance Company, based on the policy, to recover the full amount of judgment and costs.

The Insurance Company then filed its bill of complaint, reciting, *inter alia,* the above facts, and asking that the action of Caltagirone be enjoined, and that he be directed to issue a new execution in the first cause; that the Bus Company and Nemeth be decreed to pay one-half of the judgment; that the complainant be absolved from further liability upon its pay-

ment of one-half; and that the Bus Company make a discovery of its assets. From the dismissal of the bill this appeal is taken.

Complainant Insurance Company seeks relief in equity because of certain acts suggested as fraudulent conduct on the part of Caltagirone.

The bill alleges that if said execution had been properly executed, full recovery could have been had thereon as against the Bus Company and Joseph Nemeth; that the Bus Company is the owner of a large garage at Wallington, New Jersey, and is the owner and operator of a fleet of at least twelve automobile buses.

The bill charges that the sheriff was directed to return the execution unsatisfied as part of an agreement between Caltagirone and the Bus Company to place full responsibility of payment upon the complainant Insurance Company.

The pending action in the supreme court is grounded on that provision of the policy now provided for by *P. L. 1931 ch. 194,* re-enacting with slight amendment *P. L. 1924 ch. 153.* The pertinent provision is as follows: "No policy of insurance against loss or damage resulting from accident to or injuries suffered by an employe or other person and for which the person insured is liable  *  *  *  shall be issued or delivered in this state by any corporation or other insurer authorized to do business in this state, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative, against such corporation under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy."

It is quite apparent that the condition precedent to a legal action of this character is the return unsatisfied of an execution against the insured. The presence of other joint tort feasors, the treatment of them if they be present, and their financial responsibility is immaterial. The insurer's liability as to the injured party is determined solely by the liability of the insured. No contest is here made as to the insolvency of the insured Janiecs, a fact of which the unsatisfied execution is *prima facie* evidence. *Horn* v. *Commonwealth Casualty Co., 105 N. J. Law 616.*

Caltagirone need not have sued the Bus Company at all. *Newman* v. *Fowler, 37 N. J. Law 89; Clark* v. *Borough of Cliffside Park, 110 N. J. Law 589.* It follows that he need not look to the Bus Company for satisfaction. Therefore, the issuance of the execution, except against the Janiecs, was superfluous and immaterial as to the rights or liabilities of the Insurance Company, and is no fraud giving rise to equitable relief.

What the complainant is here seeking is a decree of contribution between joint debtors, the debt being a judgment secured in tort.

It is now the well settled law of this state that there can be no contribution between joint tort feasors; this is true both in law (*Newman* v. *Fowler, supra; Cosgrove* v. *Ellenstein, 114 N. J. Law 155*), and in equity (*Bigelow* v. *Old Dominion, &c., Co., 74 N. J. Eq. 457*). The rule applies whether the tort is committed willfully or by negligence, and whether the one who seeks contribution was an active participant or one liable by legal imputation, as under the doctrine of *respondeat superior. Public Service Railway Co.* v. *Matteucci, 105 N. J. Law 114.* Nor can contribution be secured by the assignee of a joint tort feasor who has paid and purchased the judgment. *Manowitz* v. *Kanov, 107 N. J. Law 523.*

The facts in the instant case closely approximate those present in *Fiorentino* v. *Adkins, 9 N. J. Mis. R. 446* (supreme court). There the insurance carrier of one joint tort feasor paid a judgment based on a tort action, took an assignment thereof, and sought contribution by issuing exe-

cution against the other joint tort feasor. The court said as to the position of the insurance carrier:

"It stands in its insured's shoes. There is public policy behind the rule against contribution amongst joint tort feasors, and we are unable to see the distinction, in the application of the rule, betwen a joint tort feasor and one who, by contractual undertaking, stands in his place. The money paid by the indemnity company for the judgment was, in theory, the money of its insured. It was the accumulated premiums paid by the insured against the day when the latter would be called upon to suffer such a loss."

This pronouncement of the supreme court, which we approve, is, we think, applicable to the instant case.

The complainant Insurance Company claims a distinction from the above cited cases, in that here there has been no payment of the judgment, no assignment taken, and no right asserted which has been secured through its insured. This distinction is more apparent than real. Whether the relief sought be based on an assignment or not, whatever the method used to affirmatively seek contribution, the result will be the same—and that result will enure to the benefit of the insured joint tort feasor. Equity should not be invoked by methods of indirection to nullify a positive rule of law.

Counsel for the Insurance Company cites decisions of other states, and contends that the rule against contribution should not be applied against the Insurance Company, since its liability arises through a technical rule of law; that the Insurance Company is innocent of any personal fault or culpability, and that while there can be no contribution between joint tort feasors where there is actual wrongdoing, on the ground that the law will not undertake to adjust the burden of misconduct, such principle cannot and should not apply against one who, like itself, is entirely innocent of wrong, because the very reason upon which the rule is founded, is lacking.

The answer to this is that the liability here does not arise through a technical rule of law but because of specific contractual undertaking. Furthermore what the law may be in other jurisdictions is unimportant in view of the fact that the courts of our state, including this court, have repeatedly

held that whether the tort is an intentional wrongdoing or a mere act of carelessness or negligence does not alter the rule that the right of contribution does not exist.

The question is not an open one in this state. The principle is a general one applying to every case of tort and, as was said by Chief-Justice Gummere in *Public Service* v. *Matteucci, supra,* citing from Chief-Justice Beasley's opinion in *Newman* v. *Fowler, supra,* "the soundness of the principle stated therein has never been questioned by any later decisions either of the supreme court or of this court: and having stood unchallenged for more than half a century, it should not now be overthrown by judicial decision."

Defendant-respondent, Caltagirone, asks that a counsel fee be allowed for services in this court. Counsel fees are, in general, denied in this court except "where a wife prevails in a divorce or maintenance action, a will is sustained or the litigation concerns a fund in court." *Nobile* v. *Bartletta, 112 N. J. Eq. 304.* Although a sum has been deposited by the Insurance Company pursuant to an order of the court of chancery, it is as security for the payment of the judgment for damages recovered by Caltagirone against Frank and Edward Janiec, appellant's assured, in the supreme court, and is not the subject of this litigation. The application for counsel fees will be denied.

For the reasons above stated, the decree of the court of chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.