Appeal is taken from two orders of the Superior Court, Chancery Division, one fixing the time when a modified decree for maintenance shall become effective, and the other awarding counsel fee to plaintiff's counsel.
Plaintiff and defendant are husband and wife. On July 23, 1947, a final decree was entered, in a proceeding commenced by the wife for separate maintenance, awarding her the use of the home owned by the parties by the entirety, allowing the wife $25 per week alimony and awarding counsel for the wife counsel fees. Defendant appealed to the Court of Errors and Appeals, and on September 3, 1948, the final decree was affirmed, except as to the award for alimony, which was reduced to $20 per week. No remittitur was entered in the Court of Errors and Appeals. On October 1, 1948, the Supreme Court issued a mandate "that the decree appealed from be modified and the record and proceedings be remitted to the Superior Court of New Jersey, Chancery Division, to be then proceeded with in accordance with the rules and *Page 174 
practice relating to that court, consistent with the opinion of the Court of Errors and Appeals."
Application was made by defendant for entry of a decree in accordance with the mandate of the Supreme Court, and application was made by plaintiff for allowance of counsel fees and costs on the appeal to the Court of Errors and Appeals. An order was entered modifying the decree to provide for payment of $20 per week effective as of October 1, 1948, and an order was entered awarding costs in the sum of $20.50 and awarding counsel fee of $350 to plaintiff's attorneys. From these orders the present appeals were taken.
The first question is with respect to the time when the modification of the order for alimony should become effective. The Court of Errors and Appeals had before it a record of the financial situation and needs of the plaintiff when the decree was entered in the former Chancery Court. It dealt with the situation as it then existed and held that the plaintiff was entitled to an allowance of $20 per week and the use of the house of the parties to the suit, and not to $25 per week. We conclude, therefore, that the modification should be effective as of the date of the decree which was modified by the appellate court, namely July 23, 1947. The language of the decree of that date was changed by the order for final judgment by striking out "the sum of $25" and substituting therefor "the sum of $20." It should be effective as of the time when the appellate court determined the facts required modification. We direct that the trial court amend the order for final judgment to make it effective as of July 23, 1947.
The allowance of counsel fees and costs was within the discretion of the trial court, and appears to be reasonable. It is accordingly affirmed. Sharff v. Tosti, 110 N.J. Eq. 397
(E. A. 1932).
The request, at the conclusion of respondent's brief, for further allowance of costs and counsel fees to plaintiff-respondent is denied. Under Rule 1:2-28 formal application is required. Such application should be by motion supported by affidavit upon which proper determination may be made. *Page 175