83 N.J. Super. 382 (1964)
200 A.2d 130
MAURICE W. GROBER, PLAINTIFF,
v.
HERMAN KAHN, GERTRUDE KAHN, ALICE BROOKS AND CAROL WEINTRAUB, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 28, 1964.
*384 Mr. Israel B. Greene for plaintiff (Messrs. Greene & Orloff, attorneys).
Mr. Adrian M. Unger for defendants (Messrs. Milton M. & Adrian M. Unger, attorneys).
MINTZ, J.S.C.
In this proceeding plaintiff essentially sought to establish his interest in a joint venture and demanded an accounting from defendants Herman Kahn, his wife and two daughters. He additionally contended that Herman Kahn's wife and two daughters were mere nominees and not bona fide co-venturers. The female defendants asserted counterclaims against plaintiff. After protracted litigation this court found, inter alia, that plaintiff has a 25% interest in the joint venture, that defendant Herman Kahn is accountable to the joint venture in the sum of $431,400.60, and that the two daughters were each liable to the joint venture in the amount of $3,000. Plaintiff now moves for an award of counsel fees in the amount of $100,000, accountant's fees in the amount of $40,000, and appraisers' fees to be paid either out of the sum adjudged due from defendant Herman Kahn or to be charged against him personally.
R.R. 4:55-7 prescribes when counsel fees may be allowed. In the instant situation R.R. 4:55-7(b) is controlling. That section is as follows:
"(b) Out of a fund in court. The court in its discretion may make an allowance out of such a fund, but no allowance shall be made as to issues triable of right by a jury. * * *" (Emphasis supplied)
The purpose of the rule limiting the kinds of cases in which counsel fees might be allowed was to eliminate the abuses of the power to grant counsel fees that prevailed under the former practice in the Court of Chancery. The rule rejects the philosophy that counsel fees should be liberally available to successful litigants, particularly where the defense of the losing litigant had no reasonable basis and adopts the rationale that the interests of sound judicial administration will be *385 advanced by having every litigant bear his own counsel fees except in a few specially designated situations. State v. Otis Elevator Co., 12 N.J. 1, 10 (1953).
The term "fund in court" was analyzed in Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162, 168, 169 (1960), where the court stated:
"`Fund in Court' is not too happy a term. It is a shorthand expression intended to embrace certain situations in which equitably allowances should be made and can be made consistently with the policy of the rule that each litigant shall bear his own costs. The difficulty with the term is that literally it may connote a fund within the precincts of the court in a physical or geographic sense whereas `in court' refers to the jurisdictional authority of the court to deal with the subject matter * * *. And for that matter, the existence of power in the court to control the subject matter is not itself enough to demonstrate the existence of a `fund in court' within the purpose of the rule."
The court went on to provide the following test for allowing counsel fees:
"In general, allowances are payable from a `fund' when it would be unfair to saddle the full cost upon the litigant for the reason that the litigant is doing more than merely advancing his own interests. Thus, for example, when there are classes of claimants to the fund and the services redound to the benefit of others as well, it is fair that all contribute to the cost by a charge against the subject matter. * * * Typical is a controversy among stockholders with respect to dividend rights in the surplus of a corporation. Cintas v. American Car & Foundry Co., supra [133 N.J. Eq. 301, 304 (Ch. 1943), affirmed and modified on other grounds 135 N.J. Eq. 305 (E. & A. 1944)].'"
The final expression by our Supreme Court on this issue is Sarner v. Sarner, 38 N.J. 463 (1962). There two plaintiffs, each holding a 10% interest in three corporations, brought suit against defendant, who owned the remainder of the stock of the corporations. Ultimately plaintiffs prevailed to the extent that defendant was ordered to pay approximately $400,000 to the corporation. The court, in holding that plaintiffs were entitled to counsel fees, indicated that the corporation should have brought the suit, and failing to do so, plaintiffs' *386 action inured to its benefit and therefore plaintiffs should not be burdened with counsel fees.
Plaintiff asserts that through his efforts he created a fund which is within the jurisdiction of this court and to which other participants in the joint venture, namely, Herman Kahn's wife and two daughters, will benefit. He thus argues that there is a fund in court and that under the authority of Sarner, supra, he is entitled to an allowance for counsel fees. However, in Sarner the original action was not only for the establishment of these derivative claims but also plaintiffs sought the declaration of a partnership interest in a management concern and that the defendant account to them for profits in that partnership. The trial court found that plaintiffs were partners in the management concern and ordered defendant to account, besides finding in favor of plaintiffs on their stockholders' derivative action. When the issue of counsel fees was first asserted, the trial court allowed $25,000 to plaintiffs' counsel. The Supreme Court, however, reversed this portion of the trial court's findings and remanded the case to the trial court for more definitive proof of the services of counsel in the stockholders' derivative action. It indicated that this was a mixed litigation, namely, a class action and personal claims of plaintiffs respecting a partnership interest and accounting for same. It held that no counsel fees can be awarded with respect to services rendered in regard to the individual causes of action.
A partnership estate does not constitute a fund in court for the allowance of attorney's fees within the purview of R.R. 4:55-7(b). Schmerer v. Estate of Kirschenbaum, 39 N.J. Super. 475 (App. Div. 1956); Blut v. Katz, 36 N.J. Super. 185 (App. Div. 1955). It logically follows that an accounting action between two joint venturers does not create a "fund in court" within the scope of R.R. 4:55-7(b). Midler v. Heinowitz, 6 N.J. Super. 359, 365 (App. Div. 1950), affirmed on other grounds 10 N.J. 123 (1952).
Plaintiff urges that this proceeding is a class action. Disregarding form and looking to the substance of the instant *387 litigation, it is apparent that plaintiff actively engaged in an action directed mainly against defendant Herman Kahn and incidentally against Kahn's wife and two daughters. Plaintiff basically sought a determination of his interest in the joint venture and an accounting from the managing fiduciary, Herman Kahn, for funds of the joint venture allegedly misappropriated. The complaint sought to defeat the rights of Kahn's wife and two daughters. Plaintiff unsuccessfully urged that they were "fronts" for Herman Kahn, with no genuine interest in the joint venture. Obviously, plaintiff's litigation was not designed to benefit any of the defendants. As I noted in my opinion in this case, dated February 21, 1964:
"It is further observed, as one would naturally expect, that Mrs. Kahn and the two daughters have joined in the defense with Kahn and apparently acquiesced in his handling of their interest in the joint venture. Hence for all practical purposes the Kahn family presents a united 75% interest opposed to the claims of plaintiff."
The services rendered by plaintiff's counsel were to advance the claims of his client and no one else. There can be no clearer case of an adversary proceeding.
Applying the test of Sunset Beach Amusement Corporation v. Belk, supra, it is not unfair to saddle the full cost of the counsel fees in this litigation upon plaintiff for the reason that plaintiff is doing no more than merely advancing his own interests. I am mindful of the tremendous effort expended by plaintiff's counsel and the results he achieved. However, in my judgment the rationale in Sunset Beach Amusement Corporation v. Belk precludes such allowances.
The accountant retained by plaintiff labored long and hard to reconstruct the receipts and disbursements of the joint venture. He testified for several days. The appraisers prepared appraisals and testified respecting the value of the items of personal property for which the defendant Herman Kahn failed to account.
*388 In United States Pipe & Foundry Co. v. United Steelworkers of America, 37 N.J. 343 (1962), the court indicated the controlling source of law for taxing costs. It said:
"* * * Speaking first as to costs generally (apart from counsel fees), the amounts allowable in both trial and appellate courts are prescribed by statute, either expressly therein or as may be provided by court rule. N.J.S. 22A:2-2, 3, 5, 8, 9 and 10; R.R. 1:9-2 and 2:9-2. Such costs comprise principally certain statutory allowances, amounts paid the clerk in fees, and various other specified disbursements of counsel including sheriff's fees, witness fees, deposition expenses and printing costs. Allowance is controlled by court rule and is ordinarily discretionary with the court in the particular case." (at p. 355)
N.J.S. 22A:2-8 provides that a party to whom costs are awarded or allowed is entitled to include in his bill of costs his necessary disbursements, inter alia, "Such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law, or rule of court." (Emphasis supplied) It is urged that this statute affords authority for the allowance of the accountant's fees, as well as appraisers' fees, since their services were required by plaintiff in order to establish his charges of misappropriations committed by defendant Herman Kahn.
In the course and practice of courts of equity, costs have always been allowable in the exercise of sound discretion according to the reason and justice of the cause, not invariably following the outcome of the suit. In re Caruso's Will, 18 N.J. 26 (1955). Cintas v. American Car & Foundry Co., supra, and Sarner v. Sarner, 62 N.J. Super. 41 (App. Div. 1960), affirmed on other grounds, supra, were cited as precedents for the award of the fees here sought. Cintas involved a controversy among stockholders with respect to dividend rights in the surplus of a corporation  a typical class action. Sarner involved a court-appointed accountant in what has already been described as a stockholders' derivative suit and personal action. His $3,000 fee was approved by the Appellate Division since it found the trial court properly ordered *389 this work for purposes of discovery. Neither case can be considered as establishing a course of practice in this court to award accountant's and appraisers' fees in this adversary quarrel.
I am of the view that the rationale of Sunset Beach Amusement Corp. v. Belk, supra, is applicable and that in this litigation plaintiff should bear the expenses of his accountant and appraisers in prosecuting his individual interests.