**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3578-19

IN THE MATTER OF THE
ESTATE OF MARGARET C.
TKACHUK, Deceased.

Submitted May 12, 2021 – Decided June 30, 2021

Before Judges Alvarez and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. P-242334-16.

Kulzer & DiPadova, PA, attorneys for appellant Karen Lesso Conover (Eric A. Feldhake and Daniel L. Mellor, on the briefs).

Tiboni & Tiboni, LLP, attorneys for respondent Mark M. Lesso (Joseph B. Tiboni and Jane Carro Tiboni, on the brief).

PER CURIAM

The executrix and primary beneficiary of Margaret C. Tkachuk's estate, Karen Lesso Conover, appeals a March 29, 2019 order[1] regarding counsel fees. The order requires her to reimburse the estate some $33,129[2] in fees paid to three law firms "in connection with [] litigation" initiated by Mark Lesso, a residual beneficiary. The order further requires a payment of $25,986.85 from the estate to Lesso's counsel. Conover also appeals the April 27, 2020 denial of reconsideration, which further increased the amount by $5871.89, for a total of $39,000.89. We affirm.

Tkachuk died June 3, 2013. Her will directed that the residue of her living trust be used for specific bequests to eighteen named individuals, the balance to be apportioned among those beneficiaries. They included Lesso and his mother, who each had a thirteen percent interest, Conover a thirty-four percent interest,[3] and five others an eight percent interest.

---

[1] For reasons not explained in the record, the order was not filed with the Surrogate's Office until January 31, 2020.

[2] The figure included: $17,318.52 to the second law firm; $7392.98 to the third; and $8417.50 to the first.

[3] Conover received a substantial portion of the estate in addition to her share of the residuary estate.

A-3578-19

The first law firm Conover hired to represent her in the administration of the estate made a $61,878 error in the allocation of taxes to Conover's benefit. In May 2016, Lesso filed a complaint and order to show cause seeking an accounting, alleging that the payment of the $61,878 in taxes from the residuary estate was incorrect. Conover retained a second law firm to represent her in the litigation. While the action was pending, Conover reimbursed the $61,878 into the estate account. Some months later, Conover retained a third firm to represent her, both in the administration of the estate and the litigation.

On September 6, 2017, the parties settled the litigation by way of a consent order. The order provided that Conover place the first law firm and its insurance carrier on notice of a potential malpractice claim from the tax error. It further stated:

> 3. Each [a]ttorney in this matter who is seeking fees and expenses for services rendered in connection with this case or who has already received payment in this case, shall file a fee application to be heard by the [c]ourt. A hearing shall be scheduled on the 20th day of October, 2017, at 10:30 a.m.[,] at which time the [c]ourt shall make a determination regarding the payment of said fees and who shall be responsible for payment.
>
> 4. Any [a]ttorney who has already been paid legal fees and/or expenses in connection with this case, whose fee application is not approved by the [c]ourt,

shall be required to disgorge said fees and return them to the [e]state.

On November 9, 2017, the court conducted oral argument regarding the question of fees. A March 29, 2019 decision followed, which, for reasons not explained on the record, was not filed until January 31, 2020.[4] Presumably, that is also the date the order was received by counsel. In the opinion/order, the judge made substantial findings of fact in twenty-one separately numbered paragraphs. He concluded that Conover should reimburse the residuary estate counsel fees charged by attorneys who represented her, who were paid from estate funds for the litigation—thus creating a fund in court. Any unpaid fees would become Conover's personal responsibility. Thus, he required Conover to "reimburse the [e]state the amount of $33,129 for the fees already paid to the three firms retained by the [e]xecutrix for all services rendered in connection with this litigation . . . ." He further directed Lesso's attorneys be paid $25,986.85 from the fund in court that would thereby be created, the balance to be distributed to the residuary beneficiaries.

Conover then filed an application for reconsideration. The recording of that argument was lost and had to be reconstructed. In his April 27, 2020 order,

---

[4] It is suggested in one of the briefs the delays in this case were attributable to the trial judge's health, although nothing in the record clearly explains it.

the judge reiterated on reconsideration that Conover should reimburse the estate for fees paid in connection with the litigation and be solely responsible for those amounts. He required an additional $5871.89 to be reimbursed to the estate account because the first law firm charged 1.5% of the total amount administered, including the non-probate assets. The judge concluded that the residuary beneficiaries should not be responsible for legal fees attributable to non-probate assets, including Conover's inheritance under the terms of a pour-over living trust.

The judge explained that the first firm's legal fees should not exceed $15,000 because the probate assets totaled only approximately $1,000,000. The court added that the earlier $8417.50 figure was the amount previously attributed to the first law firm's litigation charges. Since the maximum fee from the estate should not have exceeded $15,000, however, the surcharge amount should be $14,289.39—in other words, the original $8417.50 he ordered repaid plus $5871.89 in paid fees that were attributable to the administration of non-probate assets. Thus, the judge calculated the total surcharge to be $5871.89 higher—increasing the amount to $39,000.89.

Now on appeal, Conover raises the following points:

POINT I

THE TRIAL COURT ERRED TO THE EXTENT IT AWARDED [PLAINTIFF'S] LEGAL FEES TO BE PAID FROM THE ESTATE UNDER [RULE] 4:42-9(a)(3) BECAUSE THE MATTER WAS NOT A WILL CONTEST, [DEFENDANT] WAS NOT REMOVED AS EXECUTRIX, AND THERE WAS NO FINDING [DEFENDANT] BREACHED HER FIDUCIARY DUTY.

a. The Trial Court's Award of Counsel Fees Was Not Permitted Under [Rule] 4:42-9(a)(3).

b. The Trial Court's Award of Counsel Fees Was Not Permitted under In re Estate of Vayda.[5]

POINT II

THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING [DEFENDANT] TO REIMBURSE THE ESTATE FOR ATTORNEYS[] FEES IN ORDER TO CREATE A "FUND IN COURT" WHERE SUCH ORDER WAS MOTIVATED BY EQUITABLE CONSIDERATIONS.

POINT III

THE TRIAL COURT ERRED BY MAKING DETERMINATIONS AS TO DISPUTED FACTS ON AN INCOMPLETE RECORD.

POINT IV

THE TRIAL COURT ABUSED ITS DISCRETION BY AFFIRMING THE JANUARY 31[] ORDER UPON RECONSIDERATION.

---

[5] 184 N.J. 115 (2005).

Generally, we review awards of counsel fees under a clear abuse of discretion standard. Occhifinto v. Olivo Constr. Co., LLC, 221 N.J. 443, 454 (2015); Rendine v. Pantzer, 141 N.J. 292, 317 (1995). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir. 1985)). As always, we review the trial judge's legal determinations employing a de novo standard. Occhifinto, 221 N.J. at 453. During the reconsideration argument, the trial judge said his reference to Rule 4:42-9(a)(3) was a typographical error, and that he had intended to cite Rule 4:42-9(a)(2).

The fund in court exception to the American Rule, which bars payment of fees to the prevailing party, reads:

> The court in its discretion may make an allowance out of such a fund, but no allowance shall be made as to issues triable of right by a jury. A fiduciary may make payments on account of fees for legal services rendered out of a fund entrusted to the fiduciary for administration, subject to approval and allowance or to disallowance by the court upon settlement of the account.
>
> [R. 4:42-9(a)(2).]

7

"'Fund in court' is an equitable term of art." Porreca v. City of Millville, 419 N.J. Super. 212, 225 (App. Div. 2011). "The fund in court exception generally applies when a party litigates a matter that produces a tangible economic benefit for a class of persons that did not contribute to the cost of the litigation." Henderson v. Camden Cnty. Mun. Util. Auth., 176 N.J. 554, 564 (2003).

Both parties rely on In re Estate of Vayda, 184 N.J. 115 (2005), in support of their respective positions. We read the case to mean that attorney fees paid out of the residuary estate on Conover's behalf to defend the litigation must be reimbursed. It also stands for the proposition that if the percentage of legal fees charged by the first law firm was increased by inclusion of non-probate assets to Conover's benefit, those fees must also be disgorged and returned to the residuary estate.

The issue in Vayda centered around the question of whether an exception should be made to the American Rule where a prevailing party could show dereliction on the part of an executor. 184 N.J. at 120. The question arose because when payment of counsel fees comes out of the residuary portion of an estate, or an estate as a whole when that is relevant, a litigant who has successfully challenged the administration of the estate is charged with a proportionate share of the counsel fees expended. In Vayda, the successful

litigant argued that it was inequitable to merely reimburse her 55% of her attorney's fees (she was a 45% beneficiary), when it was her brother's inaction and bad faith that caused her to commence the litigation and incur fees. But the Court stated that the result, even if it did not make the litigant whole, was required "by the clear language of Rule 4:42-9(a)(3) . . . ." Vayda, 184 N.J. at 124. The litigation did not result in an increase in value to the estate, only to compel the executor to act and make final distribution.

Lesso argued before the judge and on appeal that by requiring Conover to refund the taxes he created a fund in court that benefits all the residuary beneficiaries, therefore his legal fees should be paid out of that sum. The judge agreed. By compelling the executrix to reimburse the taxes, Lesso created a fund in court. The judge also held Conover should pay for her defense to the litigation out of her own pocket—adding to that sum.

That decision is not an abuse of discretion, nor a misinterpretation of the law. To the extent Lesso's fees of $25,986.85 are paid out of the residuary estate, it is a payment made from a fund in court created by Lesso's litigation.

"[A] court need not have jurisdiction over the disbursement of an actual 'fund' to justify an award of attorneys[] fees." Henderson, 176 N.J. at 564. "It is sufficient if, as a result of the litigation, the fund is brought under the control

of the court. An illustration of this is a suit to construe a will or a trust agreement." Trimarco v. Trimarco, 396 N.J. Super. 207, 215-16 (App. Div. 2007) (quoting Cintas v. Am. Car & Foundry Co., 133 N.J. Eq. 301, 304 (Ch. Div. 1943)).

Further, the earlier resolution of the accounting issue between the parties does not, as Conover claims, negate the existence of a fund in court or the court's authority to order the creation of a fund in court. In Trimarco, for example, the court ordered a fund in court be created to address the matter of attorneys' fees "[f]ollowing settlement of all claims, cross-claims, counterclaims and third party claims . . . ." 396 N.J. Super. at 210. Resolution of the underlying claims does not strip the court of its jurisdiction over a fund in court to address fee-shifting under Rule 4:42-9(a)(2).

Porreca outlined the two-step process for assessing legal fees to be paid out of a fund in court pursuant to Rule 4:42-9(a)(2):

> First, the court must determine as a matter of law whether plaintiff is entitled to seek an attorney fee award under the fund in court exception as articulated in Henderson. If the court determines plaintiff has met the threshold, it then has the "discretion" to award the amount, if any, it concludes is a reasonable fee under the totality of the facts of the case.
>
> [419 N.J. Super. at 228.]

Accordingly, under that portion of the rule, the trial court did not abuse its discretion in holding the money returned to the estate created a fund in court. The return created "an economic benefit on a class of persons that did not contribute to the cost of the litigation." Henderson, 176 N.J. at 565.[6]

Conover contends that by making all of Lesso's fees payable out of the residuary estate, the judge violated the American Rule and Rule 4:42-9(a)(3). We do not agree.

Lesso's lawsuit returned substantial monies to the residuary estate, creating a fund in court. But for that litigation, the increase to the residuary estate would never have occurred, including the judge's finding that a portion of the percentage of fees was attributable to non-probate assets and therefore should not have been paid out of the probate estate. Payment of Lesso's legal fees from the residue is therefore appropriate. This analysis conforms to subsection (2), permitting payment of counsel fees where a litigant creates a

---

[6] Conover argues for the first time in her reply brief that the court should have limited Lesso's recovery based on the partial nature of his success in the litigation. First, we do not consider arguments raised for the first time in a reply brief. State v. Lenihan, 219 N.J. 251, 265 (2014) ("To raise [an] issue initially in a reply brief is improper." (alteration in original) (quoting Twp. of Warren v. Suffness, 225 N.J. Super. 399, 412 (App. Div. 1988))). Additionally, we do not agree with the characterization that his success was only partial.

fund in court. Even by doing so, Lesso is not reimbursed 100% of his legal fees. Mathematically, he receives 87% of his fees, not 100%.

Although the terms of the initial March 29, 2019 order are not entirely transparent, the judge decreed that the legal fees would be paid from the residuary estate, not directly by Conover out of her own pocket. Otherwise, the relevant paragraph, after directing payment of legal fees, would not have stated: "[T]he remainder shall be distributed in accord with the provisions of the Last Will and Testament of [] Tkachuk . . . ." Whether viewed under subsection (2) or subsection (3), the payment was proper. Those monies would not have passed to the beneficiaries but for the litigation.

Conover also contends that the trial judge's findings of fact were not based on evidence properly available to him from the record. Ultimately, however, this does not affect the outcome. Whether or not Conover acted in bad faith does not defeat the fundamental principle that her litigation legal fees should not have been assessed against the probate estate. It is not a violation of the American Rule to compel her to pay for the cost of defending herself in the litigation out of her own pocket.

Finally, Conover contends that the court erred in compelling reimbursement of any of the first law firm's legal fees, since the bulk of the fees

were incurred before Lesso filed his complaint. However, the judge did not err because the first firm acted as the attorney for Conover as the executor of the estate, not for the estate. Thus, the first firm acted as her personal attorney, providing services for which she should be personally responsible. See Barner v. Sheldon, 292 N.J. Super. 258, 265 (Law Div. 1995). Conover agreed to notice the first law firm of a potential malpractice claim and notice the firm's insurance carrier. She elected not to do so. Had she prevailed, those legal fees would also be returned to the residual estate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION