THE EXECUTORS OF SAMUEL G. BAXTER, deceased,

*v.*

LAURA BAXTER et al.

1. The court will dismiss a bill fi'ed for the construction of a will, if the will is free from doubt.

2. While executors and other persons charged with fiduciary duties have a right to the direction of the court, in cases where their rights or duties are involved in doubt, and to be reimbursed for any reasonable expenses incurred in procuring such direction, yet such direction will not be given in cases where it is not needed, nor will the expenses of a useless suit be charged against trust property.

3. No person can maintain an action respecting a subject matter, in respect to which he has no interest, right or duty, either personal or fiduciary.

On demurrer.

*Mr. Edwin A. Rayner* and *Mr. Charles Borcherling*, for demurrants.

*Mr. Albert P. Condit*, for complainants.

VAN FLEET, V. C.

The complainants sue in their representative capacity as executors of the will of Samuel G. Baxter, deceased. Mr. Baxter died in March, 1869, and his will was admitted to probate in the month of April following. By his will he gave all his estate, both real and personal, to his executors, in trust for his widow and children. Until his youngest child attained the age of thirty years, he directed that his estate should be so invested as to yield the best income, and that his executors should pay over to his widow, during her widowhood, all the income arising therefrom for the support and maintenance of herself, and the maintenance and education of her two minor children. His will then says:

Baxter *v.* Baxter.

" When my youngest surviving child shall become thirty years of age, I direct my estate, whatever it may be, to be divided among my four children, share and share alike, my wife first receiving her third part of my estate, to which she is entitled by law."

The bill states, that a final statement and account of the complainant's administration of the testator's estate was allowed and confirmed by the orphans court of the county of Essex, on the 20th of December, 1886, by which a balance of over $5,000 was shown to be in their hands. By the same order, by which the complainant's account was allowed and confirmed, distribution of this balance was decreed. The testator died seized of four different tracts of land in Essex county and a farm situate in Morris county: His youngest child has attained thirty years of age. The defendants are the testator's widow and his four children. The suit has two objects—first, to procure a construction of the will as to the widow's rights, and second, a sale of the real estate. The complainants say that the reasons they ask judicial aid are, first, that they are in doubt whether the widow is entitled to receive, under the will, the one-third part of the proceeds of the sale of the real estate absolutely, or only the use of the third part thereof; and second, that the real estate is so situated that it is impossible to make a just and equal partition of it, among the persons entitled to it, and consequently that the testator's estate cannot be divided until the real estate is sold. Two of the children have filed general demurrers, thus raising the question, whether the facts stated in the bill, show such a right or interest in the complainants in the subject matter of the suit, or such duty incumbent upon them in respect thereto, as gives them a right to maintain this action.

That part of the will which the complainants ask to have construed is, in my judgment, free from the least doubt or obscurity. The testator has made his meaning so perfectly plain that his will is its own exponent. Where there is neither doubt, nor uncertainty as to the meaning of a will, there is nothing for the court to do. If a decree should be made construing that part of this will, which the complainants claim is doubtful, the decree would simply repeat what the testator has said in lan-

guage so plain, certain and simple that no words can be found which will express his meaning any more clearly. His will says, his widow, on the division of his estate, shall first receive the third part thereof to which she is entitled by law, that is, one-third of his personal estate absolutely, and the use of one-third of his real estate during life. The bill does not pretend that the widow has claimed, or pretended that she was entitled to, one-third of the real estate absolutely, or to anything beyond what the plain import of the words of gift gives her. The doubts which are suggested as the foundation, in part, of the bill exist, so far as appears, in the minds of the complainants alone. They do not say that they have been caused by any claim that the widow has made, nor that they have been advised by counsel that the meaning of this part of the will is involved in the slightest doubt. It would seem, therefore, to be entirely clear, that, even if the complainants had been charged with a duty in respect to this part of the will, this court would not have entertained a suit by them asking for its construction, and that if they had filed a bill for that purpose, it would have been dismissed, at their own costs, as unnecessary and useless. While it is the undoubted right of executors, and other persons charged with fiduciary duties, to ask the direction and aid of this court in cases where their duties or rights are involved in doubt, and to have any reasonable expense thus incurred charged against the trust property in their hands (*Kearney* v. *Macomb, 1 C. E. Gr. 189* and *Attorney-General* v. *Moore's Exrs., 4 C. E. Gr. 503*); it is also settled, that this court will not give such persons aid or direction when they do not need it—in cases where their duty is plain and their rights are clear, and that if they seek assistance in cases where there is neither necessity nor propriety in asking it, they will not be allowed to charge the expense thus incurred against the trust property. *Ely* v. *Ely's Exrs., 5 C. E. Gr. 43.* In this case, I regard it as entirely clear, that there is no duty incumbent on the complainants which made it either necessary or proper for them to ask for a construction of this part of the will, and also, that there is nothing in this part of the will which

made it necessary or even desirable that anybody should have judicial direction respecting it.

Another question remains to be considered. Have the complainants a right to maintain this action in respect to the lands? They ask either that the lands be partitioned, or that they be sold. They do not ask that they be divided among themselves, or between the defendants and themselves, but among the defendants. The complainants do not pretend that they are beneficial owners of the lands; on the contrary, the facts they state show, that the defendants have always, since the testator's death, been the beneficial owners of them. The legal title to the lands was devised to the complainants in trust; they were to hold the whole of the testator's estate, both real and personal, as a unit, until his youngest surviving child attained the age of thirty years, when the estate was to be divided among his four children in equal shares, his widow first receiving such part thereof as she was entitled to by law. The time when the division was to be made is now here. The purpose for which the legal title was placed in the complainants has been accomplished; the trust is ended, and the devisees are now entitled, by the terms of the trust, to be invested with a full and complete title to the lands. They are now, for all practical purposes, the absolute owners of the lands. The complainants have no right to hold the legal title for another hour. If they refused to surrender the possession of the lands, the defendants might recover their possession by ejectment. The rule is well settled, that, where lands are conveyed or devised to a trustee, to be held until the *cestui que trust* reaches a certain age, and then to be conveyed to him, if the trustee fails to pass the legal title at the time when the *cestui que trust* is, by the terms of the trust, entitled to it, and his right to the possession of the lands is resisted, he may recover possession by ejectment, on the presumption that the trustee has done his duty and made over the legal title to him. Courts of law are now at liberty, whenever it appears that the trusts, upon which the lands were held, have been fulfilled, so that it has become the duty of the trustee to transfer the legal title to his *cestui que trust*, to presume, following the rule in equity, that

that shall be considered as done which ought to have been done —that the trustee has conveyed the legal title to his *cestui que trust.* Such presumption is made in order to prevent a just title from being defeated by a mere matter of form. *England* v. *Slade, 4 T. R. 682; Doe* v. *Sybourn, 7 T. R. 2 ; Obert* v. *Bordine, Spen. 394; Brown* ads. *Combs, 5 Dutch. 36.*

It is clear, that at the time this bill was filed, the complainants were, both as a matter of law and as a matter of fact, without the least right to or power of control over these lands. They were the property, absolutely, of the defendants. The duty of making partition of them was not imposed by the will upon the complainants, nor is it claimed or pretended that the condition of the personal estate was such, that it could not be divided among the persons entitled to it, according to the will, unless the whole or a part of the lands were brought into the division. The complainants, it would seem, therefore, are, in respect to the action they ask the court to take concerning the lands, mere intermeddlers. They are seeking judicial aid in respect to a matter in which they have no interest, either personal or fiduciary. The rule, I think, must be regarded as fundamental, that no person can maintain an action respecting a subject matter, in respect to which he has no interest, right or duty, either personal or fiduciary.

The demurrers must be sustained, and the complainants' bill dismissed, with costs.