23 N.J. Super. 132 (1952)
92 A.2d 647
FRANK C. FERGUSON, PLAINTIFF-APPELLANT,
v.
JULIUS A. RIPPEL AND THE NATIONAL STATE BANK OF NEWARK, ET ALS., DEFENDANTS-RESPONDENTS, AND FRED G. STICKEL, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 27, 1952.
Decided November 21, 1952.
*134 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. John Milton, Sr., argued the cause for plaintiff-appellant (Messrs. Milton, McNulty & Augelli, attorneys).
Mr. John E. Toolan argued the cause for defendants-respondents (Messrs. Toolan, Haney & Romond, attorneys).
Mr. Halsey W. Stickel argued the cause for defendant-appellant (Messrs. Stickel & Stickel, attorneys).
The opinion of the court was delivered by FRANCIS, J.C.C. (temporarily assigned).
This action was brought to construe the will of Julius S. Rippel who died on December 9, 1950, a resident of Newark, New Jersey. Two of the respondents, Julius A. Rippel and the National State Bank of Newark, are the duly qualified executors of the estate.
Among other things the will directed that a corporate charitable foundation be created and that the residue of the testator's large estate be turned over to it for administration in accordance with certain express purposes.
*135 The intervention of the court was sought because of a controversy arising out of the 35th article of the will under which the foundation is established. This article, so far as pertinent, provides as follows:
"THIRTY-FIFTH: All the rest, residue and remainder of my estate, both real and personal, of whatsoever kind and nature and wheresoever situate, of which I may die seized or possessed, or to which I may be entitled at the time of my death, hereinafter referred to as my Trust Estate, I give, devise and bequeath to my Executors, hereinafter named, and the survivor of them, in trust nevertheless, for the following uses and purposes:
(a) I direct and instruct my said Executors together with such of the following persons as may survive me and be willing to act, namely: FRANK C. FERGUSON, FRANK H. SOMMER and FRED G. STICKEL, Jr. and also together with such other person or persons my said Executors may desire to associate with them, as soon after my decease as is practicable to incorporate or cause to be incorporated under Title 15 of the Revised Statutes of New Jersey, a corporation not for pecuniary profit to be operated exclusively for charitable purposes, to be known as "FANNIE E. RIPPEL FOUNDATION" in memory of my wife. The Foundation shall have authority among other powers as may be conferred upon it to take and hold property absolutely and/or in trust, and administer, invest and reinvest the same and to devote the income therefrom as well as principal thereof, if need be, to the following objects and purposes of the Foundation:

* * * * * * * *
(c) I leave to the uncontrolled discretion of the incorporators and trustees of the Foundation the details of organization, maintenance and operation of the Foundation together with the adoption of by-laws, rules and regulations concerning the conduct of the Foundation.

* * * * * * * *
(e) It is my request that FRANK C. FERGUSON, FRANK H. SOMMER, JULIUS A. RIPPEL and FRED G. STICKEL, Jr. be members and trustees of the said Foundation and that they act as such trustees for at least the first year of existence of the Foundation and so long thereafter as they shall be elected and may be willing to serve. I further desire that the charter of said Foundation shall provide that the members of the Foundation shall also be the trustees thereof, but the number of members and trustees I leave to the discretion of the incorporators so long as the number shall be not less than three. I further desire that the charter of the Foundation shall provide that in the event of the death, resignation or inability to serve of any of the members or trustees of the Foundation, the members or trustees then in office shall have the power to appoint or elect a successor."
*136 On August 31, 1951 the executors notified Messrs. Ferguson, Stickel, and Dean Sommer that pursuant to paragraph 35 (a) they had decided to have five additional persons, whom they named, associated with them as incorporators of the foundation. Ferguson, Stickel, and Sommer objected, claiming that since five incorporators were available, namely, themselves and the executors, and since such number were sufficient under the statute (R.S. 15:1-1), there was neither need nor power to add additional persons.
Thereafter the executors caused a certificate of incorporation of the foundation to be prepared for signature by nine incorporators, that is, Ferguson, Stickel and Sommer, the individual executor, Julius A. Rippel, and the five persons chosen by the executors. The certificate likewise named these nine persons as the trustees for the first year of corporate existence. A meeting of the incorporators was then called for the purpose of forming the foundation and each was given a copy of the proposed charter for "consideration and comment."
Two days before the scheduled meeting Ferguson filed this action seeking an interpretation of the will and instructions to the executors. The executors, additional incorporators, Stickel and Sommer were named defendants. Primarily the relief sought was a declaration by the court, (1) that proper construction of article 35 (a) precluded the addition of further incorporators so long as the executors and Ferguson, Stickel and Sommer were willing and able to act, and (2) that in any event the language of 35 (e) limited the number of trustees for the first year of the foundation to the four persons named specifically therein.
Both the appellant, Ferguson, and the executors-respondents moved for summary judgment on the pleadings and a certain stipulation of facts. Among other things the stipulation disclosed that at the time of death decedent, either directly or through wholly owned corporations, owned 52-plus percent of the capital stock of the bank executor, that certain correspondence had been engaged in between decedent *137 and Dean Sommer largely on the subject of another charitable foundation which had been created by the decedent about a year before his death but to which he had given no funds because of concern over the tax problem involved. And it was agreed also that the testator, Sommer, Julius A. Rippel, Ferguson and Stickel were the trustees of that foundation for the first year of its life. With respect to the correspondence, while its authenticity was admitted by the stipulation, an objection to its relevancy and competency was reserved.
The trial court entered summary judgment for the defendants and denied counsel fee allowances except to the executors. The opinion exhibited a finding that the language of the will was clear and unambiguous and clearly sanctioned the course pursued by the executors with respect to the proposed organization of the foundation. Ferguson and Stickel appealed; Dean Sommer did not.
The first problem presented is whether the executors had authority to call the five additional persons into association with them for purposes of organizing the foundation. To determine this, attention must be given first to the will itself. On doing so the primary examination is of the words the testator employed to accomplish his wishes. At this point the inquiry is not what he intended to say but what he did say. If the words are clear and unequivocal and point unerringly in a particular direction, they must be considered the final repository of his testamentary intention. In such situation, and even though extrinsic evidence of all the circumstances of the testator existing at the time of the will may be received (Clapp, Wills and Administration (5 New Jersey Practice) sec. 108, p. 248), such evidence cannot be used to create doubt as to that intention or to show a contrary intention. Words cannot be emptied of their ordinary content and refilled with some abstruse significance arising from collateral evidence. Such a course cannot be taken, no matter with what good faith it is suggested and no matter how sincere the conviction of the person making the suggestion *138 that the decedent meant to express a disposition at odds with that conveyed by his words. The effort of the court must always be directed toward the accomplishment of the purposes manifested by the will, never toward their frustration. Leyendecker v. Leyendecker, 142 N.J. Eq. 449 (E. & A. 1948); Morristown Trust Co. v. Work, 139 N.J. Eq. 497 (Ch. 1947); In re Fisler's Estate, 133 N.J. Eq. 421 (E. & A. 1943); Woodruff v. White, 78 N.J. Eq. 410 (Ch. 1911), affirmed 79 N.J. Eq. 225 (E. & A. 1911); Baxter's Ex'rs. v. Baxter, 43 N.J. Eq. 82 (Ch. 1889); Griscom v. Evans, 40 N.J.L. 402 (Sup. Ct. 1878); Brearly v. Brearly, 9 N.J. Eq. 21 (Ch. 1852).
The will directs and instructs:
"the executors together with such of the following persons as may survive me and be willing to act, namely: FRANK C. FERGUSON, FRANK H. SOMMER and FRED G. STICKEL, JR., and also together with such other person or persons my said Executors may desire to associate with them, * * * to incorporate or cause to be incorporated * * * a corporation * * *."
Appellants argue that the testator knew five incorporators were necessary for the foundation because he had participated in the organization of the one named after himself only a short time before, that he was aware of the possibility that the corporate executor could not act legally as an incorporator and that since the extrinsic evidence in the form of letters, memoranda and the first certificate of incorporation shows that he had faith and confidence in Ferguson, Stickel, Sommer, his intention must have been to permit the addition of further incorporators only in the event that for some reason less than five of those expressly named in his will were available to act as such. But no such construction of the language appearing in the will is possible either with or without the evidence adduced. Plainly Rippel wished those of the three specifically named individuals, who were available and willing to act, to participate in the act of incorporation but he expressly gave the executors the authority to draw in other persons to act with them. The disposition to permit *139 this to be done is emphasized to the point of redundancy. There can be no escape from "and also together with" such other persons as the executors desired to include.
It is not without significance also that the testator gave to the executors alone the authority to bring in other incorporators. The three individuals named were not included within the ambit of that authority. If the problem in contemplation was simply to make certain that five incorporators would be available, Ferguson, Stickel and Sommer as well as the executors undoubtedly would have been given the authority as a group. In the light of the long and carefully drawn will, the exclusion must have been deliberate.
The extrinsic evidence on which reliance is placed opposes rather than sustains appellants' position. If, as contended, Rippel wished continuity of management in the posthumous foundation because the three individuals were trustees of his similar lifetime organization, it cannot be doubted that he would have said so in the clause in question. Factually the argument overlooks that decedent himself was one of the trustees of the first foundation and that if it ever did function as a going organization, he would have had a substantial voice in its management. It is plain from the collateral proof and from the will itself that he did not wish his business interests to terminate or to be wound up on his death. He was aware of his stock control of the corporate executor and that the stock was going into the foundation. So it is reasonable to suppose that he gave authority to the executors alone to seek additional incorporators in order to accomplish a continuity of management of the institutional executor by persons who, in the judgment of the executors, were best equipped to bring about that result.
The second phase of the proceeding concerns the claim of appellants that they, Dean Sommer and Julius A. Rippel were meant to be the sole trustees of the foundation for the first year.
At the outset of our consideration of this question, and apart from a study of the specific language of paragraph *140 35 (e) of the will, the contention would seem to be opposed to the language and implications of paragraph 35 (a) which have just been discussed. Since paragraph 35 (a) manifests a clear and unmistakable purpose to give control to the executors if they wished to exercise it, it seems unlikely that a different control was designed for the first year.
In any event, after leaving to the "uncontrolled discretion of the incorporators and trustees * * * the details of organization, maintenance and operation of the Foundation," testator proceeded to impose some limitations on the discretion. He said:
"It is my request that FRANK C. FERGUSON, FRANK H. SOMMER, JULIUS A. RIPPEL and FRED G. STICKEL, JR., be members and trustees of the said Foundation and that they act as such trustees for at least the first year of existence of the Foundation and so long thereafter as they shall be elected and may be willing to serve."
Then he expressed his further desire for a provision in the charter that the members of the foundation also be the trustees thereof but "the number of members and trustees" he left "to the discretion of the incorporators so long as the number shall not be less than three." And he added another "desire" for a provision in the charter that in the event of the death, resignation or inability of a trustee to serve, the members or trustees then in office shall have the power to appoint or elect a successor.
It is manifest that in the particular context the precatory words "request" and "desire" are used in the mandatory sense. First-Mechanics National Bank of Trenton v. First-Mechanics National Bank of Trenton, 137 N.J. Eq. 106 (Ch. 1945); Deacon v. Cobson, 83 N.J. Eq. 122 (Ch. 1914); Wood v. Camden Safe Deposit Co., 44 N.J. Eq. 460 (Ch. 1888). "Request" was an appropriate word so far as the named persons are concerned because the testator recognized that consent on their part to act as trustees was dependent upon the exercise of their will and not his. But so far as the executors and incorporators are concerned undoubtedly a *141 binding mandate was imposed for the first year. Otherwise there would have been no point in referring to the individuals at all because the executors through the exercise of their power to augment the number of incorporators could accomplish their elimination from the foundation at the very inception of its existence. Such a construction would be as inconsistent with the intention of decedent as is the appellants' view that no general power was granted to the executors to increase the number of incorporators.
In any event, in order to adopt the contention that the four individuals were designated as the sole trustees for the first year, it would be necessary to insert in the clause the words "the" or "the sole" or "the only." Then it would read, "It is my request that Frank C. Ferguson," etc., "be the members and trustees" or "the sole" or "the only members and trustees" etc. Of course, such word or words may be added by a court if necessary to effectuate the manifest intention of a testator. Clapp, Wills and Administration (5 New Jersey Practice), sec. 108, p. 255. No such exigency exists here. On the contrary, when the latter portion of the next succeeding sentence of the paragraph is read: "* * * but the number of members and trustees I leave to the discretion of the incorporators * * *," the proposed insertion is insupportable.
Thus we conclude that while the testator issued a mandate for the appointment of appellants and Dean Sommer as first year trustees  a fact which the executors seemed to have recognized in their proposed charter for the foundation  there is no basis whatever for the construction that they were designated as the sole trustees for that period. Moreover, the purpose is so clearly evident from the will, that the suggestion of presence of ambiguity or obscurity cannot be entertained.
Under the circumstances the view adopted by the trial court must be affirmed.
This conclusion brings us to the propriety of the trial court's refusal of counsel fees. The action affected *142 Stickel and Sommer as well as Ferguson, even though they were named defendants, the theory being that they were obviously nominal defendants whose position in the case was precisely the same as his.
Under Rule 3:54-7 counsel fees may be allowed "out of a fund in court." The parties here are in agreement that such a fund exists. The former practice with respect to allowances in actions involving the construction of wills has not been changed by the rule. Katz v. Farber, 4 N.J. 333 (1950). That practice sanctioned counsel fees when a trust estate was under the control of the court and there was some reasonable doubt or obscurity as to the proper interpretation of a will. In re Purcell, 125 N.J. Eq. 372 (Prerog. 1939); Cox v. Wills, 49 N.J. Eq. 573 (E. & A. 1892); Clapp, Wills & Administration (5 New Jersey Practice), sec. 203, p. 481. However, where the rights of the parties were clear and the aid of the court unnecessary they could not be allowed. As Vice-Chancellor Van Fleet put it in Baxter's Ex'rs. v. Baxter, supra:
"* * * it is also settled, that this court will not give such persons aid or direction when they do not need it  in cases where their duty is plain and their rights are clear, and that if they seek assistance in cases where there is neither necessity nor propriety in asking it, they will not be allowed to charge the expense thus incurred against the trust property."
We have been referred to no case indicating that institution of the action in complete good faith and with an honest belief in the soundness of the contention that construction of the will was required, alone justified or required a different result with respect to allowances.
We are mindful that in the first instance the matter of allowances rests in the discretion of the trial court. In the situation presented for determination there had been no showing of abuse of discretion.
The judgment is affirmed.