37 N.J. Super. 171 (1955)
117 A.2d 129
IN THE MATTER OF THE BROAD STREET NATIONAL BANK OF TRENTON, TRUSTEE OF THE TRUST CREATED FOR MAE K. DUNKLE, IN AND BY THE LAST WILL AND TESTAMENT OF BAYARD L. DUNKLE, DECEASED.
THE BROAD STREET NATIONAL BANK OF TRENTON, TRUSTEE, PLAINTIFF-RESPONDENT,
v.
MARY E. WORLEY, ET AL., DEFENDANTS-APPELLANTS, AND CHRISTOPHER EDWIN WEIGAND, A MINOR, ET ALS., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 19, 1955.
Decided September 30, 1955.
*172 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Henry M. Hartmann argued the cause for plaintiff-respondent.
Mr. Nathan N. Finkle argued the cause for defendants-appellants.
Mr. Homer R. Zink argued the cause for the guardian ad litem (Messrs. Smith, Stratton & Wise, attorneys).
*173 The opinion of the court was delivered by CLAPP, S.J.A.D.
The Broad Street National Bank of Trenton brought this action in a County Court for the settlement of its first account as trustee of a trust created by the will of Bayard L. Dunkle. A judgment and an order were entered below, and appeal is now taken by certain of the defendants.
There are two grounds of appeal. First, it is charged that the court abused its discretion in allowing to the attorney for the trustee a fee of $4,000 for miscellaneous services rendered by him during the period of the account. Second, it is said that the court erred in holding that it lacked the power to allow a fee to the attorney for the defendants-appellants for services he rendered the trust in objecting to the corpus commissions and attorney's fee applied for in this cause by the attorney for the trustee.
Allegedly, the trust approximates $262,000, and the accounting mentioned covers a period of five years. On the settlement of this account, the attorney for the corporate trustee applied on its behalf for corpus commissions of $13,123.23, 5% of the gross corpus of the trust estate, even though the trust in all likelihood had many years to run. Also, he applied for a fee of $4,000 for his own services. The attorney for the defendants-appellants presented to the trial court their objections in writing (R.R. 4:85-4; 5:3-7), complaining both of the commissions and attorney's fee applied for (but not of any other matter), and urging as to commissions that the allowance be fixed at 1%, or $2,624.65. Two weeks later, on behalf of an infant defendant, the court appointed a guardian ad litem who also objected to the request for corpus commissions, but to no other matter. The court allowed corpus commissions of $2,624.65, the very amount suggested by appellants and about $10,500 less than the commissions applied for. And it awarded the trustee's attorney a fee of $4,000.
The attorney for the defendants applied for a fee of $2,000 for what he himself had done, but this the court denied as above stated.
*174 We deal first with the fee of $4,000. The allowance of attorneys' fees is a matter resting in the sound discretion of the court below, Dickerson v. Camden Trust Co., 1 N.J. 459, 468 (1949), but nevertheless subject to correction on appeal in case of plain error constituting a manifest misuse of the discretion. Smith v. Smith, 17 N.J. Super. 128, 133 (App. Div. 1951).
Appellants make reference to the fact that the attorney for the trustee was allowed a fee of $10,000 in March 1949 for his services, extending over a period of two years, in connection with the settlement of the decedent's estate, and another fee of $5,000 in 1953 on an action brought as to the sale of stock constituting a substantial part of the trust. But there is nothing before us indicating that those allowances were improper.
We turn then to the affidavit of services presented by the attorney for the trustee below. From this affidavit he properly omitted matters arising in connection with the sale of stock for which he had received an allowance of $5,000, as stated. However, evaluating each item that does appear in that affidavit and excluding therefrom those services performed in support of the improper application for corpus commissions of 5%, we reach the conclusion that the allowance of $4,000 was manifestly excessive. A fee of $2,500 would be appropriate.
The other question in the case was raised by the refusal of the County Court to award a fee to the attorney for the defendants. The court said it had no authority in the premises unless an exception was filed attacking some item in or omission from the account proper. But this is not so. By virtue of this action, a fund was brought into court, R.R. 4:55-7(b), from which an allowance could, under present circumstances, be made to defendants' attorney. Blut v. Katz, 36 N.J. Super. 185, 189 (App. Div. 1955). His objection to commissions and counsel fees, in support of which he submitted to the County Court a memorandum of the authorities, operated very materially to the benefit of the whole fund. He applied below for a fee of $2,000 for himself. *175 This we think is excessive. Considering the factors involved here and also the substantial time he spent and the results he obtained, we think a proper allowance to him would be $1,000.
Modified accordingly.