39 N.J. Super. 475 (1956)
121 A.2d 414
ANNA KANTOR SCHMERER, PLAINTIFF-RESPONDENT,
v.
ESTATE OF MARCUS KIRSCHENBAUM, DECEASED, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 1956.
Decided March 16, 1956.
*477 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Benjamin Edelstein argued the cause for the defendant-appellant (Messrs. Edelstein & Edelstein, attorneys).
Mr. Robert J. Novins argued the cause for the plaintiff-respondent (Messrs. Novins, Novins & Braun, attorneys; Mr. Julius Braun and Mr. Robert F. Novins, on the brief).
The opinion of the court was delivered by FREUND, J.A.D.
Marcus Kirschenbaum died a resident of Monmouth County. His will was probated and letters testamentary issued by the surrogate of that county to Camille Morris. The plaintiff, Anna K. Schmerer, instituted this suit in the Superior Court, Chancery Division, against the executrix, for an accounting based upon a claim that the plaintiff and the decedent had been partners in certain business ventures, and that upon the decedent's death assets of the alleged partnership had come into the possession of the defendant as executrix. The court made a pendente lite *478 order restraining the defendant from distributing the personalty of the estate below $60,000. The defendant denied the partnership. The basic issue before the court was whether a partnership in fact existed. Following trial, the court dismissed the complaint, but in the belief that there was justification for bringing the action and on the theory that there was a fund in court, made an allowance of counsel fees in the amount of $3,500 to the plaintiff's attorneys and a similar allowance to the defendant's attorneys to be paid out of the estate. The defendant appeals from the allowance to the plaintiff.
The question here involved is the authority of the Chancery Division of this court to make an allowance of counsel fees to an unsuccessful plaintiff in an action on a claim against an estate which is being administered under the jurisdiction of the County Court.
The allowance of counsel fees is a procedural matter governed by R.R. 4:55-7. State v. Otis Elevator Co., 12 N.J. 1, 12 (1953). The rule expressly provides that: "No fee for legal services shall be allowed in the taxed costs or otherwise, except": in certain enumerated actions with which we are not concerned, or "(b) Out of a fund in court. * * *"
The judgment ordered the defendant to pay the items "out of the funds of the estate." Were any funds of the estate, or the estate itself except for the determination of the issue being litigated, within the control of the Superior Court?
The decedent having been a resident of Monmouth County at his death, his will could have been probated in the Surrogate's Court of Monmouth County or in the Superior Court, N.J.S. 3A:3-18, and it was probated before the surrogate. The County Court has general jurisdiction over surrogate's proceedings, N.J.S. 3A:2-2. Both under statute, N.J.S. 3A:9-2, and R.R. 5:3-6, an executor appointed by a surrogate settles his account in the County Court. Only for special cause shown may he settle or be required to settle his account in the Superior Court. Here, the will having been probated in and letters testamentary issued by the surrogate of Monmouth *479 County, the administration of the decedent's estate and its funds was under the jurisdiction and control of the County Court.
As stated, the Superior Court had issued a preliminary restraint enjoining the defendant from making distribution below $60,000. It is settled, however, that property under the control of the court through the issuance of a temporary restraint does not thereby become a "fund in court" out of which counsel fees may be allowed. Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433 (1952); Haines v. Burlington County Bridge Commission, 8 N.J. 539 (1952); Ferguson v. Rippel, 21 N.J. Super. 59 (Ch. 1952), affirmed 23 N.J. Super. 132 (App. Div. 1952), certification denied 11 N.J. 329 (1953).
A partnership estate does not constitute a "fund in court" for the allowance of attorney's fees within the construction of R.R. 4:55-7(b). Long v. Mertz, 21 N.J. Super. 401 (App. Div. 1952); Blut v. Katz, 36 N.J. Super. 185 (App. Div. 1955).
It would serve no useful purpose to discuss the various situations wherein a court may properly make allowance of counsel fees, for the subject has been adequately discussed in the cases above cited and also in In re Koretzky's Estate, 8 N.J. 506 (1951); State v. Otis Elevator Co., supra; American Salvage Co. v. Housing Authority of City of Newark, 14 N.J. 271 (1954); In re Broad Street National Bank of Trenton, 37 N.J. Super. 171 (App. Div. 1955). It will suffice to point out why the allowance to the plaintiff ought not to have been made. The proceeding brought by the plaintiff did not involve the probate or construction of the will of the decedent, or the administration of his estate, nor was it intended to preserve or enhance or in any manner benefit the decedent's estate. On the contrary, her object was to diminish the decedent's estate, to obtain from it property which she believed to be hers or in which she claimed an interest. The suit was brought in her own interest as a claimant against the estate, which claim the court dismissed Such a litigant is not entitled to cousel fees from the estate *480 being sued. West v. Rector, etc., of St. James' Episcopal Church, 83 N.J. Eq. 324 (E. & A. 1914); Janovsky v. American Motorists Ins. Co., 11 N.J. 1 (1952).
The plaintiff argues that "the defendant is estopped from denying the existence of a fund in court" because an allowance of counsel fees was also made to counsel for the defendant. Whether or not the defendant was entitled to the allowance of a counsel fee is not determinative of the allowability of a counsel fee to the plaintiff. Moreover, this matter is not properly before us, the plaintiff not having cross-appealed nor briefed the question of the allowability of a counsel fee to the defendant.
Accordingly, the judgment under review insofar as it pertains to the allowance of counsel fees to the plaintiff is reversed.